No. 25-50951

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

JUSTIN RIDDLE,
*Plaintiff-Appellant*

*v.*

X CORP.,
*Defendant-Appellee.*

---

APPEAL FROM A JUDGMENT OF THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS, No. 1:25-CV-73 (ALBRIGHT, J.)

---

**DEFENDANT-APPELLEE X CORP.'S RESPONSE TO
PLAINTIFF-APPELLANT'S OPPOSED EMERGENCY MOTION
FOR IMMEDIATE RELIEF PENDING APPEAL**

---

KENNETH M. TRUJILLO-JAMISON
WILLENKEN LLP
707 WILSHIRE BLVD., SUITE 4100
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 955-9240
FACSIMILE: (213) 955-9250

*Attorneys for Defendant-Appellee X Corp.*

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

**Plaintiff-Appellant:** Justin Riddle

**Defendant-Appellee**: X Corp., represented by Kenneth M. Trujillo-Jamison of Willenken LLP.

_/s/ Kenneth M. Trujillo-Jamison_
Kenneth M. Trujillo-Jamison
_Attorneys for Defendant-Appellee X Corp._

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION ..........................................................................................1

RELEVANT BACKGROUND.....................................................................2

I.   The Proceedings in the District Court ............................................2

II.  The Instant Motion.........................................................................7

ARGUMENT .................................................................................................8

I.   The Motion Should Be Denied as Procedurally Improper...................8

II.  The Motion Fails to Show Riddle Is Entitled to Injunctive Relief
Pending Appeal ......................................................................................11

CONCLUSION ...........................................................................................17

CERTIFICATE OF SERVICE ....................................................................18

CERTIFICATE OF COMPLIANCE ..........................................................19

# TABLE OF AUTHORITIES

Page

Cases

Diez v. Google, Inc.,
831 F. App'x 723, 724 (5th Cir. 2020)..............................................18

Farguson v. MBank Houston, N.A.,
808 F.2d 358, 359 (5th Cir. 1986)...................................................12

Justin Indus., Inc. v. Choctaw Sec., L.P.,
920 F.2d 262, 268 n.7 (5th Cir. 1990)............................................14

Martinez v. Mathews,
544 F.2d 1233, 1243 (5th Cir. 1976)...............................................14

McIntosh v. Partridge,
540 F.3d 315, 327 (5th Cir. 2008).....................................................16

Moody v. NetChoice, LLC, 603 U.S. 707, 740 (2024) ........................18

Nat'l Ass'n for the Adv. of Colored People v. Tindell,
95 F.4th 212, 215 (5th Cir. 2024) ...................................................14

O'Handley v. Padilla,
579 F. Supp. 3d 1163, 1188 (N.D. Cal. 2022) .................................19

Poster Exch., Inc. v. Nat'l Screen Serv. Corp.,
441 F.2d 560, 561 (5th Cir. 1971)...................................................15

Riddle v. X Corp.,
No. 1:25-cv-00073-ADA (W.D. Tex. 2025) .......................................3

Ruiz v. Estelle,
650 F.2d 555, 567 (5th Cir. 1981)...................................................10

Sambrano v. United Airlines, Inc.,
No. 21-11159, 2022 WL 486610, at *13 (5th Cir. Feb. 17, 2022) ...17

United States v. Texas,
97 F.4th 268, 295 (5th Cir. 2024) ...................................................20

Weinberger v. Romero-Barcelo,
456 U.S. 305, 312 (1982) ................................................................13

i

Statutes

17 U.S.C. § 512..................................................................................4

18 U.S.C. § 1343................................................................................4

47 U.S.C. § 230................................................................................16

## INTRODUCTION

Plaintiff-Appellant Justin Riddle's ("Riddle") Opposed Emergency Motion for Immediate Relief Pending Appeal (ECF No. 20; the "Motion") should be denied because it is procedurally improper and wholly meritless.

The Motion fails procedurally because Riddle failed to first seek the relief he requests in the district court, as Federal Rule of Appellate Procedure 8 required him to do, and it fails to even try to show why first seeking that relief in the district court would have been impracticable. He thus fails to meet the procedural requirements to obtain injunctive relief pending appeal.

The Motion is also meritless because Plaintiff fails to meet any, much less all, of the factors required to obtain the extraordinary injunctive relief he seeks. Riddle seeks so-called "emergency" relief about X Corp.'s alleged suspension of Riddle's account on X, X Corp.'s private social media platform, and its treatment of alleged takedown notices by Brandon Schwartz. These allegations all occurred *months after* the district court entered its judgment from which Riddle appealed, and Mr. Schwartz is not even a party to this litigation. In short, the alleged events giving rise to Riddle's Motion were never

presented to the district court, do not pertain to this appeal, and may not properly be addressed through a procedurally improper, so-called "emergency" Motion.

Accordingly, Riddle's Motion should be denied.

## RELEVANT BACKGROUND

### I.    The Proceedings in the District Court

On January 13, 2025, Riddle, proceeding *pro se*, sued X Corp., alleging that in December 2023 unknown third parties created Twitter[1] accounts impersonating him by using an allegedly copyrighted photograph of him and his wife as the profile picture for their accounts. *See Riddle v. X Corp.*, No. 1:25-cv-00073-ADA (W.D. Tex. 2025) (the "District Court Action"), ECF No. 1 ¶¶ 2, 21–22, 77. Riddle alleged he sent X Corp. four DMCA takedown notices about the allegedly infringing use of his photograph, but that X Corp. did not take down the photographs from its platform in response to those notices. *Id.* ¶¶ 22–23, 70.

On March 5, 2025, X Corp. moved to dismiss Riddle's complaint. *See* District Court Action, ECF No. 14. Eight days later, Riddle filed a

---

[1] "Twitter" has since been rebranded as "X."

First Amended Complaint ("FAC"), where he reiterated his allegations from his initial Complaint about X Corp.'s purported failure to take remedial action in response to his alleged DMCA takedown notices. *See* District Court Action, ECF No. 22 ¶¶ 21–22, 28, 34–36. In the FAC, Riddle also alleged that X Corp. suspended his account and charged him for premium services it did not provide to him, placed limitations on his account, and provided inaccurate metrics for posts he allegedly promoted. *Id.* ¶¶ 17–20, 24–25, 29–31. In the FAC, Riddle continued to assert his copyright infringement claim, but he also added a slew of claims for violation of 17 U.S.C. § 512, wire fraud under 18 U.S.C. § 1343, violation of the Racketeer Influenced and Corrupt Organizations Act, "fraudulent billing," negligence, violation of the Texas Deceptive Trade Practices Act, breach of contract, and breach of the implied covenant of good faith and fair dealing. *Id.* ¶¶ 27–74.

On July 11, 2025, the district court granted-in-part and denied-in-part X Corp.'s motion to dismiss the FAC. *See* District Court Action, ECF No. 46. The district court dismissed Riddle's claim for copyright infringement under a theory of direct or vicarious copyright infringement, finding that the allegations do not support these theories

3

of infringement. *Id.* at 13–15. The district court declined to dismiss Riddle's claim for contributory copyright infringement, reasoning that his allegations that he submitted four DMCA takedown notices to X Corp. but that X Corp. failed to take any remedial action, when taken as true, plausibly alleged contributory infringement. *Id.* at 14–15. The district court dismissed Riddle's remaining claims, finding that X Corp.'s Terms of Service and Purchaser Terms barred Riddle's breach of contract, breach of implied covenants, and negligence claims and that Riddle failed to allege his plausible fraud-based claims. *Id.* at 6–16.

Finally, the district court declined Riddle leave to amend his dismissed claims, concluding that Riddle had not requested leave to amend and the court was not "automatically obliged to afford him the opportunity"; that Riddle "appears to believe no amendment [was] necessary"; and that amendment would be futile, considering that X Corp.'s Terms of Service barred his contract-based and negligence claims, that Riddle "propose[d] no amendments or proffer[ed] [no] additional facts" to try to cure the defects in his remaining claims, and that Riddle had already amended his complaint once prior. *Id.* at 16–17.

On the same day that the district court issued its order on

X Corp.'s motion to dismiss, the district court also issued an Order

Regarding Case Management "to address . . . Riddle's inappropriate

conduct in this case." District Court Action, ECF No. 48. The court

observed that it had "come to the Court's attention that Mr. Riddle

verbally harassed one of the Court's law clerk[s] during a telephone call

while issuing demands in connection with the status of his case" and

"engaged in ex parte email communications with the Court." *Id.* at 1.

The district court also observed that "[s]everal of Mr. Riddle's filings

contain improper threats and ultimatums, such as filing suit against"

the district judge. *Id.* at 2. The district court admonished Riddle for his

misconduct, warning him that any continued improper behavior may

lead to sanctions, up to and including the dismissal of the case with

prejudice. *Id.* at 1–3.

Riddle did not heed the district court's warning. On September 11,

2025, Riddle's continued misconduct compelled the district court to *sua*

*sponte* dismiss his case with prejudice. *See* District Court Action,

ECF No. 66 ("Dismissal Order"). The district court found, among other

things, that: (1) Riddle "has a clear history of stubborn and disobedient

conduct," including violating the Order Regarding Case Management

5

"multiple times, and acknowledging doing so"; (2) "[a]llowing Riddle to proceed in litigation will only provide him with a platform to further harass and threaten the court and opposing counsel," considering Riddle's "stated . . . intention to use 'Pacer as a microphone' to destroy opposing counsels' lives 'legally and without violence'"; and (3) "the purposes of this litigation, as admitted by [Riddle], is not to seek justice, but rather to harass and cause expense to" X Corp. *Id.* at 3–5.

Undeterred, Riddle filed a Motion for Relief from Judgment and two Motions for Sanctions. *See* District Court Action, ECF No. 73 at 1. The district court denied the former motion, noting that Riddle's "own failures and harassing conduct . . . led to this Court's dismissal with prejudice." *Id.* at 2. And while it denied Riddle's sanctions motions as moot because the case was closed when he filed those motions, it noted that "they lack merit and are frivolous." *Id.* n.1. Finally, the district court issued a "[f]rivolous [l]itigant [w]arning" to Riddle, admonishing him that "he may be subject to sanctions, including losing his CM/ECF filing ability, monetary sanctions, or a pre-filing injunction barring him from filing future suits if he continues to file frivolous claims, motions, or otherwise abuses his access to the judicial system." *Id.* at 3.

6

On November 9, 2025, Riddle appealed the district court's judgment.

## II.   The Instant Motion

On December 12, 2025, Riddle filed this Motion, requesting that the Court immediately order X Corp. to (1) restore Riddle's "account access within 24 hours"; (2) "[c]ease processing reports [*i.e.*, DMCA takedown notices] from Brandon Schwartz," a non-party to this action; (3) "[p]reserve all evidence related to suspension patterns and DMCA claims"; and (4) "[s]how cause why systematic lockouts during federal litigation do not constitute obstruction of justice." ECF No. 20 at 1; *see also id.* at 19–20 ("requested injunctive relief").

Riddle argues that his requested injunctive relief should be granted because his X account purportedly remains suspended, based on allegedly false statements made by non-party Brian Schwartz in DMCA takedown notices Mr. Schwartz allegedly submitted to X Corp. on November 23 and December 7, 2025. *Id.* at 2-4. Riddle claims that, based on Mr. Schwartz's notices, X Corp. implemented a "suspension cycle with mechanical regularity" on his account between December 3-8, 2025. *Id.* at 4. Riddle concedes that these alleged violations occurred

7

"post-dismissal," but, to him, that only presents him with "multiple available venue options" and he "elected to proceed here first." *Id.* at 7.

Riddle asserts that because of X Corp.'s allegedly improper suspension of his account, he suffered irreparable harm because he is "locked out of X Corp[.]'s platform" and thus, "cannot document ongoing violations, monitor account activity, gather evidence for remand, or preserve real-time platform conduct." *Id.* at 11. He argues that if his requested injunctive relief were granted, X Corp.'s harm consists only of "being required to stop obstructing federal appellate proceedings." *Id.* at 19. Finally, the Motion contains no allegation or reason supporting Riddle's request that the Court broadly order preservation of "all evidence related to suspension patterns and DMCA claims." *Id.* at 1.

## ARGUMENT

## I.    The Motion Should Be Denied as Procedurally Improper

As a threshold matter, Riddle's Motion is procedurally improper, and the Motion should be denied on this basis alone.

Federal Rule of Appellate Procedure 8 provides that to obtain an injunction pending appeal, a party "must ordinarily move first in the district court for . . . an order . . . granting an injunction while an appeal is pending." Fed. R. App. P. 8(a). To avoid that requirement, the motion

must "show that moving first in the district court would be impracticable" or state that "the district court denied the motion or failed to afford the relief requested."

Riddle failed to comply with Rule 8. He did not move first in the district court for the injunctive relief he seeks in the Motion. And the Motion does not even explain, much less try to show, that seeking the relief in the district court "would be impracticable" or that the district court denied the Motion or did not grant the relief he requested. The Motion should be denied on this basis alone. *Cf. Ruiz v. Estelle*, 650 F.2d 555, 567 (5th Cir. 1981) ("Under our construction of Rule 8(a), we believe the district court should have the opportunity to rule on the reasons and evidence presented in support of a stay, unless it clearly appears that further arguments in support of the stay would be pointless in the district court.").

Even if Riddle had complied with Rule 8 (he did not), his so-called "Emergency" Motion still should be denied because he failed to comply with this Court's local rule regarding emergency motions. *See* Fifth Circuit L.R. 27-3. Aside from including the word "Emergency" in the Motion's title, the Motion seeks among other relief, reinstatement of his

X account "within 24 hours." ECF No. 20 at 1. Because Riddle sought relief "before the expiration of 14 days after filing," his Motion must, among other things, be "supported by good cause" and "[c]ertify that the facts supporting emergency consideration of the motion are true and complete." *See* Fifth Circuit L.R. 27.3. Riddle's Motion fails to identify, much less demonstrate, good cause for the relief he seeks, and it does not contain the required certification. It therefore failed to comply with Local Rule 27.3. That Local Rule also requires that an emergency motion "be preceded by a telephone call to the clerk's office and to the offices of opposing counsel advising of the intent to file the emergency motion." *Id.* Riddle did not call "the offices of opposing counsel" before filing the Motion. *See* Affidavit of Kenneth M. Trujillo-Jamison ("Trujillo-Jamison Aff.") ¶ 3.

The Motion should be denied for these procedural violations, which continue Riddle's flagrant disregard of court orders and rules that apply to him, regardless that he is a *pro se* litigant. As noted, the district court found that Riddle "has a clear history of stubborn and disobedient conduct," including "multiple" violations of the court's orders. Dismissal Order at 3. The Motion is just the latest in Riddle's

10

"history" of litigation misconduct. Riddle's *pro se* status does not grant him the "license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." Dismissal Order at 4 (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)); *see also id.* at 4 (Riddle "continues to file non-compliant motions containing harassing and threatening language, including ultimatums to this Court"). Accordingly, this Motion should be denied for being procedurally improper.[2]

## II.    The Motion Fails to Show Riddle Is Entitled to Injunctive Relief Pending Appeal

Even if the Court considers the Motion on the merits (because of the procedural deficiencies noted above, it should not), the Motion should be denied because it fails to demonstrate he is entitled to the injunctive relief he seeks.

---

[2] Riddle's Motion also violates Federal Rule of Appellate Procedure 27(d)(2)(A), which limits the length of motions to 5,200 words. The Motion, which appears to have been produced using a computer, is approximately 7,990 words, and therefore exceeds the applicable length limit by approximately 2,790 words. *See* Trujillo-Jamison Aff. ¶ 4. That courts impose length limits for motions is not news to Riddle; in fact, the district court struck several of Riddle's filings because they failed to comply with that court's local rules length limits for motions. *See* District Court Action, Order dated July 21, 2025 (striking Riddle's Motion to Amend Judgment for "exceed[ing] the page limits" set in W. Dist. of Tex. Loc. R. CV-7(c)(2)); *id.*, Order dated Sept. 11, 2025 (same conclusion). The Motion also fails to comply with Federal Rule of Civil Procedure 27(d)(1)(D), which requires that "[t]he text . . . be double-spaced . . . ."

Riddle seeks "the extraordinary remedy of injunction," *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982), for which he "must show (1) a strong likelihood of success on the merits; (2) irreparable injury in the absence of an injunction; (3) that the balance of hardships weighs in their favor if injunctive relief is granted; and (4) that the public interest favors such relief," *Nat'l Ass'n for the Adv. of Colored People v. Tindell*, 95 F.4th 212, 215 (5th Cir. 2024) (citation modified). Moreover, because Riddle seeks affirmative relief seeking to change the status quo, his request constitutes a mandatory injunction which the Fifth Circuit has repeatedly held warrants an even higher standard than prohibitory injunctions. *See, e.g.*, *Justin Indus., Inc. v. Choctaw Sec., L.P.*, 920 F.2d 262, 268 n.7 (5th Cir. 1990) ("[B]ecause [the plaintiff] is seeking a mandatory injunction, it bears the burden of showing a clear entitlement to the relief under the facts and the law."); *Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976) ("Mandatory preliminary relief, which goes well beyond simply maintaining the status quo pendente lite, is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party."); *Exhibitors Poster Exch., Inc. v. Nat'l Screen Serv. Corp.*, 441 F.2d 560, 561 (5th Cir.

12

1971) (same). The Motion comes nowhere close to meeting these requirements.

Riddle does not, and cannot, establish likelihood of success on the merits because the allegations upon which he seeks relief appear nowhere in the district court below and, therefore, cannot establish he may prevail on any claim asserted below. Riddle moves this Court for an order requiring X Corp. to (1) restore Riddle's "account access within 24 hours"; (2) "[c]ease processing reports [*i.e.*, DMCA takedown notices] from Brandon Schwartz," a non-party to this action; (3) "[p]reserve all evidence related to suspension patterns and DMCA claims"; and (4) "[s]how cause why systematic lockouts during federal litigation do not constitute obstruction of justice." ECF No. 20 at 1; *see also id.* at 19–20. Riddle's purported support for this request are his allegations of (a) DMCA takedown notices Mr. Schwartz (a non-party) allegedly submitted to X Corp. on November 23 and December 7, 2025; and (b) X Corp.'s alleged suspension of Riddle's account between December 3-8, 2025. *Id.* at 2–4.

*All* of these alleged events occurred *months after* the district court dismissed Riddle's case with prejudice—and therefore were not, and

cannot, be the basis for any relief Riddle sought in the district court. Indeed, Riddle readily admits these alleged violations occurred "post-dismissal," which he claims "presents venue options," and he asserts he "elected to proceed here [in this Court] first." *Id.* at 7. By resting his requested injunctive relief on post-dismissal allegations that did not and could not appear in his complaints filed in the district court below, Riddle has not and cannot show likelihood of success on the merits. *Cf. McIntosh v. Partridge*, 540 F.3d 315, 327 (5th Cir. 2008) ("As a general rule, this court 'will not enlarge the record on appeal with evidence not before the district court' . . . [without] sufficient justification[.]")

Riddle also fails to establish that the other factors merit injunctive relief. For "irreparable harm," Riddle contends his account suspension prevents him from "document[ing] ongoing violations, monitor[ing] account activity, gather[ing] evidence for remand, [and] preserv[ing] real-time platform conduct." ECF No. 20 at 11. These unsubstantiated allegations are "either speculative or remediable with damages," and thus are not irreparable harm. *See Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *13 (5th Cir. Feb. 17, 2022) (finding that the "loss of chances to bid for desirable routes at United is not

14

irreparable harm"). Moreover, even if Riddle's allegations were true, they were never brought before the district court. Likewise, Riddle fails to show the balance of the equities tips in his favor, particularly where the harm he alleges he would suffer absent relief mirrors the purported "irreparable harm" he claims he will suffer absent relief, and the harm to X Corp. is simply the relief he seeks in his Motion. *See* ECF No. 20 at 19. Finally, Riddle fails to show the public interest would be vindicated by granting his relief.

Finally, even if Riddle had met the requirements to obtain injunctive relief (he did not), his Motion fails to show he is entitled to any of the relief he seeks. Riddle's request for reinstatement of his X account after it allegedly was suspended in December 2025 is barred by, among other things, the limitation of liability clause in the relevant version of the X Terms of Service, *see* District Court Action, ECF No. 46 at 6, and would violate X Corp.'s immunity from liability under section 230 of the Communications Decency Act of 1996, 47 U.S.C. § 230 ("Section 230"), and the First Amendment. *See, e.g., Diez v. Google, Inc.*, 831 F. App'x 723, 724 (5th Cir. 2020) ("By its plain text, [Section] 230 creates federal immunity to any cause of action that would make

15

internet service providers liable for information originating with a third-party user of the service."); *Moody v. NetChoice,* LLC, 603 U.S. 707, 740 (2024) ("When [social media] platforms use their Standards and Guidelines to decide which third-party content those feeds will display . . . they are making expressive choices. And because that is true, they receive Frist Amendment protection."); *O'Handley v. Padilla*, 579 F. Supp. 3d 1163, 1188 (N.D. Cal. 2022) ("[X Corp.] has important First Amendment rights that would be jeopardized by a Court order telling [X Corp.] what content-moderation policies to adopt and how to enforce those policies."). Riddle's demand that X Corp. "[c]ease processing reports from Brandon Schwartz," *i.e.*, for X Corp. not to process or respond to DMCA takedown notices by Brandon Schwartz, is likewise barred by Section 230 and the First Amendment. Riddle provides no basis—factual, legal, or otherwise—why this Court should require X Corp. to preserve evidence on such a broad topic as "suspension patterns and DMCA claim," particularly where his allegations in his Motion appear nowhere in his pleadings below. Finally, Riddle's request for a "show cause" order about "systematic lockouts during federal litigation" reveals, if anything, Riddle's

misguided and unfounded assumptions about X Corp.'s alleged moderation of his and Mr. Schwartz's content on X.

In sum, Riddle fails to meet any of the required elements for the extraordinary injunctive relief he requests, and therefore his Motion should be denied. *See United States v. Texas*, 97 F.4th 268, 295 (5th Cir. 2024) (denying Texas's motion to stay an injunction pending appeal brought under Fed. R. App. P. 8 upon finding that Texas has not shown it is likely to succeed on the merits and the other factors weighed against a stay).

## CONCLUSION

For all these reasons, the Motion should be denied.

Respectfully submitted,

Dated:  December 22, 2025

*/s/ Kenneth M. Trujillo-Jamison*
Kenneth M. Trujillo-Jamison
WILLENKEN LLP
707 Wilshire Blvd., Suite 4100
Los Angeles, CA 90017
Telephone: (213) 955-9240
ktrujillo-jamison@willenken.com

*Attorneys for Defendant-Appellee X Corp.*

17

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2025, this document was served via CM/ECF on Plaintiff-Appellee and all registered counsel and transmitted to the Clerk of the Court.

*/s/ Kenneth M. Trujillo-Jamison*

Kenneth M. Trujillo-Jamison
*Attorneys for Defendant-Appellee*
*X Corp.*

## CERTIFICATE OF COMPLIANCE

This document complies with the length limits set forth in Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 3,438 words, excluding the accompanying documents authorized by Federal Rule of Appellate Procedure 27(a)(2)(B).

This document complies with the typeface and type-style requirements imposed by Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in a proportionally spaced, serifed typeface using Microsoft Word in 14-point Century Schoolbook font.

*/s/ Kenneth M. Trujillo-Jamison*
Kenneth M. Trujillo-Jamison
*Attorneys for Defendant-Appellee*
*X Corp.*