No. 25-50951

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

JUSTIN RIDDLE,
*Plaintiff-Appellant*

*v.*

X CORP., FORMERLY KNOWN AS TWITTER, INCORPORATED,
*Defendant-Appellee.*

---

APPEAL FROM A JUDGMENT OF THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS, No. 1:25-CV-73 (ALBRIGHT, J.)

---

**BRIEF OF DEFENDANT-APPELLEE X CORP.**

---

KENNETH M. TRUJILLO-JAMISON
WILLENKEN LLP
707 WILSHIRE BLVD., SUITE 4100
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 955-9240
FACSIMILE: (213) 955-9250

*Attorneys for Defendant-Appellee X Corp.*

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

**Plaintiff-Appellant:** Justin Riddle

**Defendant-Appellee**: X Corp., represented by Kenneth M. Trujillo-Jamison of Willenken LLP.

*/s/ Kenneth M. Trujillo-Jamison*
Kenneth M. Trujillo-Jamison
*Attorneys for Defendant-Appellee X Corp.*

## STATEMENT REGARDING ORAL ARGUMENT

Defendant-Appellee X Corp. respectfully declines to request oral argument. X Corp. believes the factual and legal issues are adequately addressed in the parties' briefs.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ........................................i

STATEMENT REGARDING ORAL ARGUMENT................................ii

STATEMENT OF JURISDICTION ..........................................................1

STATEMENT OF ISSUES PRESENTED FOR REVIEW .....................1

STATEMENT OF THE CASE...................................................................2

     A.     Riddle's Initial Complaint and First Amended
            Complaint .............................................................................2

     B.     Twitter and the Relevant Terms of Service ...........................4

     C.     The District Court Grants-in-Part and Denies-in-Part
            X Corp.'s Motion to Dismiss the First Amended
            Complaint .............................................................................6

     D.     The District Court Sua Sponte Dismisses the Case
            with
            Prejudice...............................................................................9

     E.     The District Court Denies Riddle's Motion for Relief
            from Judgment and All Other Pending Motions..................11

SUMMARY OF ARGUMENT ...............................................................12

STANDARD OF REVIEW......................................................................14

ARGUMENT...........................................................................................15

I.     The District Court Did Not Err by Dismissing Riddle's Claim for
      Direct Copyright Infringement ....................................................15

II.    The District Court Did Not Abuse Its Discretion by Sua Sponte
      Dismissing the Case with Prejudice ............................................18

III.    The District Court Did Not Abuse Its Discretion by Denying
        Riddle's Request for Relief from Judgment .................................23

CONCLUSION .......................................................................................24

CERTIFICATE OF SERVICE................................................................26

CERTIFICATE OF COMPLIANCE.......................................................27

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arnold v. Williams,*
   979 F.3d 262 (5th Cir. 2020)..........................................................14, 18

*BWP Media USA, Inc. v. T & S Software Assocs., Inc.,*
   852 F.3d 436 (5th Cir. 2017)..........................................................15, 16

*Canada Hockey, LLC v. Texas A&M Univ. Athletic Dep't,*
   2022 WL 445172 (5th Cir. Feb. 14, 2022) ........................................16

*Diaz v. Methodist Hosp.,*
   46 F.3d 492 (5th Cir. 1995)..................................................................14

*Farguson v. MBank Houston N.A.,*
   808 F.2d 358 (5th Cir. 1986).................................................................12

*Griggs v. S.G.E. Mgmt., L.L.C.,*
   905 F.3d 835 (5th Cir. 2018)..........................................................14, 19

*Johnson v. Hollins,*
   716 F. App'x 248 (5th Cir. 2017).........................................................14

*McKay v. LaCroix,*
   117 F.4th 741 (5th Cir. 2024) ..............................................................13

*UMG Recordings, Inc. v. Grande Communications Networks,*
   *L.L.C.,* 118 F.4th 697 (5th Cir. 2024) ..........................................7, 8

**Statutes**

17 U.S.C. § 512...................................................................................3, 8

18 U.S.C. § 1343.................................................................................3, 8

18 U.S.C. § 1962(c)..................................................................................3

28 U.S.C. § 1291.......................................................................................1

28 U.S.C. § 1331.......................................................................................1

**Rules**

Fed. R. Civ. P. 12(b)(6)....................................................................1, 6, 13

Fed. R. Civ. P. 41(b)...............................................................................19

Fed. R. Civ. P. 60(b)(3)................................................................2, 11, 23

## STATEMENT OF JURISDICTION

The district court had jurisdiction over this matter under 28 U.S.C. § 1331 because the First Amended Complaint raises claims under several federal statutes. *See* ROA.281–332.

This Court has appellate jurisdiction over this matter under 28 U.S.C. § 1291 because this appeal arises from a final decision of the United States District Court of the Western District of Texas dismissing Plaintiff-Appellant Justin Riddle's ("Riddle") claims against X Corp. with prejudice. *See* ROA.2084–90.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

1.     Whether the district court erred by dismissing Riddle's claim for direct copyright infringement for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

2.     Whether the district court abused its discretion by exercising its inherent power to *sua sponte* dismiss the case with prejudice for Riddle's disrespectful behavior to the Court and X Corp.'s counsel and his repeated failure to comply with court orders.

3.     Whether the district court abused its discretion by denying Riddle's request for relief from judgment under Federal Rule of Civil

Procedure 60(b)(3).[1]

## STATEMENT OF THE CASE

### A.  Riddle's Initial Complaint and First Amended Complaint

On January 13, 2025, Riddle, proceeding *pro se*, sued X Corp.,

alleging that in December 2023 unknown third parties created Twitter[2]

accounts impersonating him by using an allegedly copyrighted

photograph of him and his wife as the profile picture for their accounts.

*See* ROA.17, 23–24, 52. Riddle alleged that, between December 2023

and May 2024, he sent X Corp. four notices about the allegedly

infringing use of his photograph that he alleges complied with the

requirements set forth in the Digital Millenium Copyright Act

---

[1] On December 12, 2025, Riddle filed an Opposed Emergency Motion for Immediate Relief Pending Appeal (the "Emergency Motion") in this Court. *See* ECF No. 20. X Corp. filed its response on December 22, 2025, and on December 23, 2025, the Court denied the Emergency Motion. The issues raised in the Emergency Motion are not on appeal, but Riddle improperly includes them in this opening brief. *See* ECF No. 37 at 28–34 ("The Section 230/First Amendment Contradiction") and 54–58 ("The December 23, 2025 Order"). X Corp. does not address those arguments, which are beyond the proper scope of this appeal.

[2] "Twitter" has since been rebranded as "X." Because the parties and the Court below have referred to the platform as Twitter, this brief continues to refer to the platform as Twitter for ease of understanding.

("DMCA"), but that X Corp. did not take down the photographs from Twitter in response to those notices. *See id.*

On March 5, 2025, X Corp. moved to dismiss Riddle's initial Complaint. *See* ROA.166–190. Rather than oppose X Corp.'s motion to dismiss, Riddle filed a First Amended Complaint ("FAC") eight days later. *See* ROA.281–332. There, he reiterated his allegations from his initial Complaint about X Corp.'s purported failure to take down the allegedly infringing photographs in response to his alleged DMCA takedown notices. *See* ROA.292, 301–303. Riddle also added allegations that X Corp. suspended his premium account features, charged him for premium services he could not use following his suspension, placed limitations on his account, and provided inaccurate metrics for posts he allegedly promoted. *See* ROA.295–296, 298–300, 304–310.

Based on these allegations, Riddle asserted claims in the FAC for (1) copyright infringement, (2) violation of 17 U.S.C. § 512 of the DMCA ("Section 512"), (3) wire fraud under 18 U.S.C. § 1343, (4) violation of 18 U.S.C. § 1962(c) of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, (5) "fraudulent billing," (6) negligence, (7) violation of the Texas Deceptive Trade Practices Act ("DTPA"),

(8) breach of contract and (9) breach of the implied covenant of good faith and fair dealing. *See* ROA.301–313. Riddle sought statutory, compensatory, and punitive damages, as well as injunctive relief. *See* ROA.313–316.

### B.    Twitter and the Relevant Terms of Service

In creating and using his Twitter account, Riddle necessarily agreed to X Corp.'s Terms of Service ("Relevant TOS")[3]. *See* ROA.402–406, 411. The Relevant TOS provides that "[t]hese Terms are an agreement between [the user] and X Corp., which provides X and the Services[.]" ROA.411. Furthermore, by subscribing to premium services on X, Riddle necessarily agreed to X Corp.'s Purchaser Terms of Service ("Purchaser Terms"), which provide that "[b]y using or accessing a Paid Service[] from X [Corp.], . . . [the user] agree[s] to be bound by the [Purchaser] Terms." ROA.419.

The Relevant TOS provides that X Corp. "may . . . limit distribution or visibility of any Content" and "suspend or terminate

---

[3] X Corp. has since updated its TOS. The current version is available at x.com/en/tos. The Relevant TOS is the version that was effective from September 29, 2023 to November 14, 2024 (version 19). *See* ROA.408.

users . . . without liability to" Plaintiff, as well as "terminate [Plaintiff's] account . . . for any . . . reason or no reason." ROA.412–413. Those terms also contain a disclaimer which provides that X Corp. "disclaim[s] all . . . liability for . . . the . . . availability . . . of the Services," or any "harm that results from your access to or use of the Services or any Content." ROA.413. The Relevant TOS also has a limitation of liability provision:

> [X Corp.] SHALL NOT BE LIABLE FOR ANY INDIRECT, INCIDENTAL, SPECIAL, CONSEQUENTIAL OR PUNITIVE DAMAGES . . . WHETHER INCURRED DIRECTLY OR INDIRECTLY, OR ANY . . . INTANGIBLE LOSSES, RESULTING FROM . . . YOUR ACCESS TO OR USE OR INABILITY TO ACCESS OR USE THE SERVICES . . . [and] ANY CONDUCT OR CONTENT OF ANY THIRD PARTY ON THE SERVICES, INCLUDING WITHOUT LIMITATION, ANY . . . OFFENSIVE OR ILLEGAL CONDUCT OF OTHER USERS OR THIRD PARTIES . . . . THE LIMITATIONS OF THIS SUBSECTION SHALL APPLY TO ANY THEORY OF LIABILITY, WHETHER BASED ON WARRANTY, CONTRACT, STATUTE, [or] TORT . . . .

ROA.414. Finally, the Relevant TOS also provides that the "[t]he laws of the State of California . . . will govern these Terms and any dispute that arises between [Plaintiff] and [X Corp.]" *Id.*[4]

---

[4] The current version of X Corp.'s TOS, available at x.com/en/tos, now provides that the "laws of the State of Texas . . . will govern these Terms and any dispute that arises between [users] and [X Corp.]"

The relevant version of the Purchaser Terms provides that "X [Corp.] may suspend or terminate [the user's] access to Paid Service(s) or cease providing [the user] with all or part of the Paid Services (without any liability) at any time for any or no reason." ROA.420; ROA.429. Those terms of service also have a limitation of liability provision that is substantively identical to that contained in the Relevant TOS. *See* ROA.421; ROA.430. The Purchaser Terms also provide that "SUBSCRIPTION PLANS . . . AUTOMATICALLY RENEW AT THE END OF EACH SUBSCRIPTION PERIOD UNLESS THE SUBSCRIPTION IS CANCELLED" by using procedures specified in the Purchaser Terms that depend on the third-party payment processor the user used to subscribe to X Premium. ROA.423; ROA.432. The terms also explain: "Regardless of how your subscription was purchased, your subscription automatically renews unless you cancel at least 24 hours before your subscription period ends." *Id.*

## C. The District Court Grants-in-Part and Denies-in-Part X Corp.'s Motion to Dismiss the First Amended Complaint

On March 27, 2025, X Corp. moved to dismiss the FAC under Federal Rule of Civil Procedure 12(b)(6). *See* ROA.380–401. Riddle filed

his opposition thereto later the same day, and X Corp. filed its reply in support of the motion on April 3, 2025. *See* ROA.436–446, 461–471.

On July 11, 2025, the district court granted-in-part and denied-in-part X Corp.'s motion to dismiss the FAC. *See* ROA.1234–1251. Regarding Riddle's copyright infringement claim, the district court dismissed the claim under a direct liability theory, finding that at most, X Corp. "hosts the forum on which infringing content was posted" and third parties "posted the infringing content, which is insufficient [to plead] direct infringement" against X Corp. ROA.1247. As for vicarious liability, the Court reasoned that "Plaintiff's allegations made clear that it is X Corp.'s users—not X Corp.—that selected the Photograph and misused it on their accounts," and Plaintiff "[did] not allege that X Corp. profited from the Third-Party Does' alleged use of the Photograph," as required to plead a claim for vicarious copyright infringement. ROA.1248 (internal citation omitted). The district court declined to dismiss Riddle's copyright infringement claim under a contributory infringement theory, finding that this Court's opinion in *UMG Recordings, Inc. v. Grande Communications Networks, L.L.C.*, 118 F.4th 697, 714, 719 (5th Cir. 2024), *petition for cert. filed*, No. 24-967 (U.S.

Mar. 10, 2025), controlled the issue. *See* ROA.1247–1248. The district court held that under *UMG Recordings*, Riddle's allegations that "he submitted four DMCA takedown notices to X Corp. that '[s]pecifically identified the infringing content and accounts,' but that 'X Corp. failed to take any meaningful action to address the infringement,' such as remove the infringing posts or accounts," were sufficient to state a claim for contributory copyright infringement. *Id.* (internal citation omitted).

The district court dismissed Riddle's remaining claims, holding that (1) the limitation of liability clause in the Relevant TOS and Purchaser Terms (collectively, the "Relevant Terms") barred Riddle's claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and negligence; (2) Riddle failed to plausibly allege his fraud-based claims for violations of the RICO statute, wire fraud under 18 U.S.C. § 1343, fraudulent billing, and violations of the DPTA; and (3) Riddle failed to allege any facts that would support a claim for violation of Section 512 of the DMCA, which involves misrepresentations made in connection with a takedown notice. *See* ROA.1239–1249. The district court declined Riddle leave to amend his dismissed claims. *See* ROA.1249–1250. The court further found that

amendment would be futile. *Id.*

### D. The District Court *Sua Sponte* Dismisses the Case with Prejudice

On the same day that the district court issued its order on X Corp.'s motion to dismiss the FAC, the district court also issued an Order Regarding Case Management "to address . . . Riddle's inappropriate conduct in this case." ROA.1256. The court observed that it had "come to the Court's attention that Mr. Riddle verbally harassed one of the Court's law clerk[s] during a telephone call while issuing demands in connection with the status of his case" and had "engaged in ex parte email communications with the Court." *Id.* The district court also observed that "[s]everal of Mr. Riddle's filings contain improper threats and ultimatums, such as filing suit against" the district judge. ROA.1257. The district court admonished Riddle for his misconduct, warning him that any continued improper behavior such as "threatening or harassing conduct" or "failure to comply with the relevant procedural rules" "will be subject to further sanction, *including up to the dismissal of this case with prejudice as warranted.*" ROA.1258

(emphasis added).[5]

Riddle did not heed the district court's warning. On September 11, 2025, Riddle's continued misconduct compelled the district court to exercise its inherent power to *sua sponte* dismiss his case with prejudice. *See* ROA.2084–90.

The district court found, among other things, that: (1) Riddle "has a clear history of stubborn and disobedient conduct," including violating the Order Regarding Case Management "multiple times, and acknowledging doing so"; (2) Riddle "continues to file non-compliant motions containing harassing and threatening language, including issuing ultimatums to this Court" despite lesser sanctions; (3) allowing Riddle "to proceed [in litigation] will only provide [him] with a platform to further harass and threaten" the court and opposing counsel, considering Riddle's "stated . . . intention to use 'Pacer as a microphone'

_____

[5] Furthermore, in a footnote in the district court's dismissal order, the district court noted that Riddle has "filed multiple documents, made multiple ex parte phone calls, and . . . emailed the Court ex parte, harassing the Court staff and [the district judge]" and noting that "Plaintiff's ex parte communications are entirely inappropriate." ROA.1250 n.10.

to destroy opposing counsels' lives 'legally and without violence'"; and (4) "the purposes of this litigation, as admitted by [Riddle], is not to seek justice, but rather to harass and cause expense to" X Corp. ROA.2086–2088.

### E. The District Court Denies Riddle's Motion for Relief from Judgment and All Other Pending Motions

Undeterred by the district court's dismissal of the case with prejudice, Riddle moved for relief from judgment under Federal Rule of Civil Procedure 60(b)(3), arguing that X Corp.'s "fraud, misrepresentation, and misconduct" prevented him from "fully and fairly presenting his case." ROA.2182. Riddle also filed two motions for sanctions. *Id.*

On October 27, 2025, the district court denied Riddle's Motion for Relief from Judgment, finding that Riddle's "own failures and harassing conduct"—not any conduct by X Corp.—"led to this Court's dismissal with prejudice." ROA.2183. The district court denied Riddle's sanctions motions as moot because the case was closed when he filed those motions, but the district court also noted that "they lack merit and are frivolous." *Id.* n.1.

Finally, the district court issued a "[f]rivolous [l]itigant [w]arning" to Riddle, admonishing him that "he may be subject to sanctions, including losing his CM/ECF filing ability, monetary sanctions, or a pre-filing injunction barring him from filing future suits if he continues to file frivolous claims, motions, or otherwise abuses his access to the judicial system." ROA.2184; *see also* ROA.2183 (noting that "[*p]ro se* litigants do not have the right to 'harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets'") (quoting *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 360 (5th Cir. 1986)).

On November 9, 2025, Riddle filed a notice of appeal in this case.

## SUMMARY OF ARGUMENT

The district court did not err by dismissing Riddle's claim for direct copyright infringement against X Corp.[6] The district court correctly found that the FAC, at most, alleged that X Corp. merely

---

[6] Riddle does not appeal the district court's decision to dismiss his claim under a vicarious contributory infringement theory.

hosted the forum on which infringing content was posted by third parties, not that it itself infringed his allegedly copyrighted photograph, which is insufficient to plausibly allege direct copyright infringement.

The district court also did not abuse its discretion by *sua sponte* dismissing the case with prejudice. The district court properly exercised its inherent powers to dismiss Riddle's case, where he had repeatedly and intentionally engaged in stubborn and disobedient conduct in violation of the court's orders. And the district court did not abuse its discretion in finding that lesser sanctions against Riddle were insufficient to deter Riddle's misconduct.

Finally, the district court did not abuse its discretion by denying Riddle's motion for relief from judgment. Relief from judgment requires a showing that dismissal of the case was obtained through X Corp.'s fraud, misrepresentation, or misconduct. As the district court correctly noted, the dismissal of the case was based solely on Riddle's own failures and harassing conduct—not any conduct by X Corp. at all.

Accordingly, the judgment of the district court should be affirmed.

## STANDARD OF REVIEW

The court of appeals reviews "orders on Rule 12(b)(6) motions to dismiss for failure to state a claim under the *de novo* standard of review." *McKay v. LaCroix*, 117 F.4th 741, 746 (5th Cir. 2024). "While the court must accept the facts in the complaint as true, it will not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (internal quotations and citation omitted). The complaint must allege "facts that, accepted as true, allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The court of appeals reviews a district court's decision "to dismiss an action *sua sponte* for failure to prosecute or comply with a court order . . . for abuse of discretion." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018).

The court of appeals reviews a denial of a motion for relief from judgment "for an abuse of discretion." *Diaz v. Methodist Hosp.*, 46 F.3d 492, 496 (5th Cir. 1995) ("The decision to relieve a party from final judgment is within the sound discretion of the trial court."); *see also Johnson v. Hollins*, 716 F. App'x 248, 254 (5th Cir. 2017).

14

## ARGUMENT

## I. The District Court Did Not Err by Dismissing Riddle's Claim for Direct Copyright Infringement[7]

The district court did not err by dismissing Riddle's claim for direct copyright infringement. The elements of direct copyright infringement are "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *BWP Media USA, Inc. v. T & S Software Assocs., Inc.*, 852 F.3d 436, 439 (5th Cir. 2017). The second element is not satisfied unless the defendant "acted with 'volitional conduct'—that is, there must be actual infringing conduct with a nexus sufficiently close and causal to the illegal copying that one could conclude that the [defendant] . . . trespassed on the exclusive domain of the copyright owner." *Canada Hockey, LLC v. Texas A&M*

---

[7] Riddle's opening brief does not expressly seek review of the district court's dismissal of his copyright infringement claim under a vicarious liability theory or his other claims in the FAC, nor does he appeal the denial of leave to amend. *See generally* AOB. In any event, the district court did not err in dismissing all other remaining claims in the FAC with prejudice, for the reasons set forth in its order on X Corp.'s motion to dismiss. *See* ROA.1234–1251.

*Univ. Athletic Dep't*, 2022 WL 445172, at \*10 (5th Cir. Feb. 14, 2022) (citation modified) (quoting *BWP Media*, 852 F.3d at 440).

The district court correctly found that "[a]t most, '[X Corp.] hosts the forum on which infringing content was posted' but '[t]he users [*i.e.*, Third-Party Does] posted the infringing content,' which is insufficient for direct infringement." ROA.1247 (quoting *BWP Media*, 852 F.3d at 442). This Court observed in *BWP Media* that direct infringement usually "come[s] down to who selects the copyrighted content: the defendant or its customers." *BWP Media*, 852 F.3d at 442; *Canada Hockey*, 2022 WL 445172, at \*10 (affirming dismissal of direct infringement claim premised on third party's infringing conduct). As the district court correctly determined, "Plaintiff's allegations make clear that it is X Corp.'s users—not X Corp.—that selected the Photograph and misused it on their accounts." ROA.1247.

On appeal, Riddle argues that the district court cannot dismiss the direct copyright infringement claim, given that it found Riddle plausibly alleged contributory copyright infringement, because "[y]ou cannot have contributory infringement without direct infringement." Appellant's Opening Brief ("AOB") at 42–43. He claims that the district

court found he "plausibly alleged X Corp helped someone infringe, while simultaneously ruling that no one infringed." *Id.* at 43. Riddle misunderstands the law and the district court's order. Indeed, the district court correctly found that the "Third-Party Does"—***not X Corp.***—"posted the infringing content" on their accounts. ROA.1247. As such, the direct copyright infringement claim ***against X Corp.*** should be dismissed.[8]

Riddle also claims that X Corp. has not taken down the purported "impersonator account" because the "impersonator is someone X Corp is protecting—an employee, contractor, or other insider," insinuating that X Corp. is "the direct infringer acting through its agent." AOB at 24.[9] Riddle speculates that this is the "unavoidable inference" because "[c]orporations do not expend resources protecting random users from

---

[8] In fact, Riddle's own authority explains that "the contributory infringement doctrine" is intended to "look beyond actual duplication [by third parties] . . . ." *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 442 (1984) (holding that Sony was not liable for contributory copyright infringement despite its sale of equipment that was used by third parties to engage in directly infringing conduct).

[9] But Riddle concedes that X Corp. has communicated to him on multiple occasions that it is not taking down "the content [he] reported" because it "does not appear to infringe copyright." AOB at 12.

valid copyright claims." *Id.* at 27. But Riddle's FAC alleges *no* facts supporting this "inference" and in fact, does not include *any* allegations pertaining to his theory that the impersonator is an agent of X Corp. *See Arnold*, 979 F.3d at 266 ("[C]onclusory allegations, unwarranted factual inferences, or legal conclusions" are not accepted as true).

In sum, the district court did not err in dismissing Riddle's claim for direct copyright infringement against X Corp., and that decision should be affirmed.

## II. The District Court Did Not Abuse Its Discretion by *Sua Sponte* Dismissing the Case with Prejudice

Riddle fails to demonstrate that the district court abused its discretion by *sua sponte* dismissing his case with prejudice, considering Riddle's disrespectful and inappropriate conduct towards the district court and its staff and Riddle's repeated failures to comply with applicable court orders and rules. As the district court correctly explained, it has the inherent power to *sua sponte* dismiss cases with prejudice against disobedient litigants upon "a showing of (1) stubborn or disobedient (contumacious) conduct by the plaintiff and (2) lesser sanctions would not serve the best interests of justice." ROA.2086

(citing *Griggs*, 905 F.3d at 844) ("Rule 41(b) authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order."). The district court also identified "aggravating factors [that] support a *sua sponte* dismissal with prejudice, including (i) 'the extent to which the plaintiff . . . was personally responsible for the [conduct],' (ii) 'the degree of actual prejudice to the defendant,' and (iii) whether the conduct is 'intentional.'" ROA.2086 (internal citation omitted).

    *First*, the district court did not abuse its discretion by finding that Riddle "has a clear history of stubborn and disobedient conduct." *Id.* The district court issued its Order Regarding Case Management to directly address Riddle's improper conduct, which included (a) verbal harassment of a law clerk, (b) *ex parte* email communications with the court, and (c) multiple failures to comply with the relevant procedural rules. *See* ROA.1256–1258. And the district court expressly warned Riddle that any continued improper behavior such as "threatening or harassing conduct" or "failure to comply with the relevant procedural rules" "will be subject to further sanction, *including up to the dismissal of this case with prejudice as warranted*." ROA.1258 (emphasis added).

Riddle ignored the Court's order. Instead, he (1) filed a 62-page, single-spaced motion, even though he acknowledged the district court's page limits (ROA.1697–1758), (2) filed five additional motions that failed to comply with the district court's Order Regarding Case Management, including an oversized, 47-page emergency motion he filed without leave (ROA.1262–1312, ROA.1313–1675, ROA.1697–758, ROA.1759–67, ROA.2001–2047), (3) threatened X Corp.'s counsel (ROA.1890–1894), and (4) continued to issue improper ultimatums to the court (ROA.2001–2047). *See* ROA.2086–87. In sum, Riddle showed "a clear history of stubborn and disobedient conduct," even after the district court warned him that continued improper behavior could be met with dismissal with prejudice.

*Second*, the district court did not abuse its discretion in finding that lesser sanctions would not serve the best interests of justice, because it had already issued a host of lesser sanctions that failed to deter Riddle's disobedient conduct. In addition to issuing the Order Regarding Case Management noted above, the district court also struck

multiple filings from Riddle for failure to comply with applicable local rules (*e.g.*, ROA.1262–1312]). *See* ROA.2087. But Riddle continued to file non-compliant motions that contained "harassing and threatening language, including issuing ultimatums to [the] Court." *Id.* (citing ROA.2034–2035). Indeed, the district court astutely observed that allowing Riddle to proceed in litigation would only provide him "a platform to further harass and threaten." *Id.*; *see, e.g.*, ROA.1893 (Riddle stating his "entire goal was to use Pacer as a microphone" and promising he "won't settle with [X Corp.] ever"). In sum, Riddle's behavior showed that sanctions less than dismissal were insufficient to deter Riddle's misconduct, and that dismissal would serve the best interests of justice.

*Lastly*, the district court did not abuse its discretion by finding that all aggravating factors were met and supported dismissal of Riddle's case with prejudice. Specifically, the court found that (1) Riddle, as a *pro se* litigant, was "personally responsible for his conduct"; (2) X Corp. was "actually prejudiced" by Riddle's filing of repeated improper motions—at least ten filed between January and

September 2025—because X Corp. is "forced to respond" and incur "unnecessary expenses and wasted resources" (citing ROA.136–142, ROA.333–337, ROA.338–347, ROA.353–369, ROA.652–669, ROA.1262–1312, ROA.1313–1675, ROA.1697–1758, ROA.1759–1767, ROA.1895–1899, and ROA.2001–2047); and (3) Riddle "all but admitted his intentional non-compliance with this Court's Case Management Order multiple times" despite the court's warnings and issuance of lesser sanctions. ROA.2088–2089.

On appeal, Riddle argues that the district court, in dismissing his case, improperly ignored his request for accommodation. *See* AOB at 51. This "request for accommodation" cannot be found in the record. Riddle cites to "ROA.25-50951.698," but that citation is to one of Riddle's emergency motions that has no mention of any accommodation needed. *See* ROA.25-50951.698. Moreover, even if Riddle were to be granted any "accommodation," it would not change the fact that his improper conduct towards the district court, its staff, and opposing counsel warranted dismissal of his case with prejudice, as described above.

Riddle also argues that the district court dismissed the case for "tone." AOB at 18. That is incorrect. Riddle does not and cannot dispute

that he repeatedly and deliberately disobeyed the district court's Order Regarding Case Management—that expressly warned him that continued misconduct could be met with dismissal with prejudice. *See, e.g.*, ROA.1697–1758 (Riddle noting that he "can certainly shorten [the length of his motions] to meet Court Rules" while failing to do so). And his conduct on appeal—including filing two purported "emergency" motions against X Corp. (*see* ECF Nos. 14 and 20) and improperly filing a single-spaced, 18-page opposition to X Corp.'s routine motion for 30-day extension to file this brief *after* the Court already granted the motion *(see* ECF No. 46)—demonstrates that he would continue with the same disobedience of the district court's rules if he had any opportunity to do so.

Accordingly, the district court did not abuse its discretion by *sua sponte* dismissing this case with prejudice.

## III. The District Court Did Not Abuse Its Discretion by Denying Riddle's Request for Relief from Judgment

Finally, the district court did not abuse its discretion by denying Riddle's motion for relief from judgment. As Riddle's motion correctly

observed, Riddle would be entitled to relief from judgment under Rule 60(b)(3) only if X Corp. obtained a judgment through "fraud, misrepresentation, and misconduct" that "prevented [Riddle] from fully and fairly presenting his case." ROA.2096. And as the district court properly explained, its *sua sponte* dismissal with prejudice was based solely on Riddle's **own** "failures and harassing conduct" and not as a result of "any of [X Corp.'s] conduct." ROA.2183. Here, and below, Riddle does not show how the district court entered judgment because of any "fraud, misrepresentation, or misconduct" by X Corp. And, indeed, X Corp. engaged no such conduct when this case was before the district court. As such, the district court did not abuse its discretion by denying Riddle's request for relief from judgment.[10]

## CONCLUSION

For the reasons set forth above, this Court should affirm the

---

[10] Upon denial of Riddle's motion for relief from judgment, the district court denied as moot all other pending motions in the case, including Riddle's two motions for sanctions based on purported evidence spoilation. *See* ROA.2182. Riddle misrepresents the district court's order by claiming that his sanctions motions were denied because the court deemed "already destroyed" evidence as "moot." AOB at 44. That was not the district court's basis for denying his sanctions motions.

judgment of the district court.

Respectfully submitted,

Dated: February 25, 2026
/s/ Kenneth M. Trujillo-Jamison
Kenneth M. Trujillo-Jamison
WILLENKEN LLP
707 Wilshire Blvd., Suite 4100
Los Angeles, CA 90017
Telephone: (213) 955-9240
ktrujillo-jamison@willenken.com

*Attorneys for Defendant-Appellee X Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2026, this document was served via CM/ECF on Plaintiff-Appellee and all registered counsel and transmitted to the Clerk of the Court.

*/s/ Kenneth M. Trujillo-Jamison*

Kenneth M. Trujillo-Jamison
*Attorneys for Defendant-Appellee*
*X Corp.*

# CERTIFICATE OF COMPLIANCE

This document complies with the length limits set forth in Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 4,682 words, excluding the accompanying documents authorized by Federal Rule of Appellate Procedure 27(a)(2)(B).

This document complies with the typeface and type-style requirements imposed by Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in a proportionally spaced, serifed typeface using Microsoft Word in 14-point Century Schoolbook font.

*/s/ Kenneth M. Trujillo-Jamison*
Kenneth M. Trujillo-Jamison
*Attorneys for Defendant-Appellee*
*X Corp.*