No. 25-50951
# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

JUSTIN RIDDLE,
*Plaintiff-Appellant*

*v.*

X CORP.,
*Defendant-Appellee.*

APPEAL FROM A JUDGMENT OF THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS, NO. 1:25-CV-73 (ALBRIGHT, J.)

## DEFENDANT-APPELLEE X CORP.'S RESPONSE TO PLAINTIFF-APPELLANT'S EMERGENCY MOTION REGARDING COMPLETED EVIDENCE DESTRUCTION

KENNETH M. TRUJILLO-JAMISON
WILLENKEN LLP
707 WILSHIRE BLVD., SUITE 4100
LOS ANGELES, CALIFORNIA 90017
TELEPHONE:  (213) 955-9240
FACSIMILE:  (213) 955-9250

*Attorneys for Defendant-Appellee X Corp.*

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

**Plaintiff-Appellant:** Justin Riddle

**Defendant-Appellee**: X Corp., represented by Kenneth M. Trujillo-Jamison of Willenken LLP.

*/s/ Kenneth M. Trujillo-Jamison*
Kenneth M. Trujillo-Jamison
*Attorneys for Defendant-Appellee X Corp.*

i

**TABLE OF CONTENTS**

<u>Page</u>

CERTIFICATE OF INTERESTED PERSONS.................................................................. i

INTRODUCTION .......................................................................................................... 1

ARGUMENT ................................................................................................................. 2

I.  The Motion Should Be Denied as Procedural Improper .......................... 2

II.  The Motion Should be Denied Because It Does Not Comply with Applicable Court Rules ............................................................................................... 5

III.  The Motion Fails on the Merits .............................................................. 8

CONCLUSION ............................................................................................................ 10

CERTIFICATE OF SERVICE ................................................................................... 11

CERTIFICATE OF COMPLIANCE ......................................................................... 12

ii

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

**Cases**

*E.E.O.C. v. Recruit U.S.A., Inc.,*
939 F.2d 746, 757 (9th Cir. 1991) ............................................................... 4

*Farguson v. MBank Houston, N.A.,*
808 F.2d 358, 359 (5th Cir. 1986) ............................................................... 7

*Ford v. Anderson Cnty., Texas,*
102 F.4th 292, 323 (5th Cir. 2024)............................................................... 8

*Guzman v. Jones,*
804 F.3d 707, 713 (5th Cir. 2015) ............................................................... 4

*Keister on behalf of Est. of Orr v. Dolgencorp, L.L.C.,*
139 F.4th 449, 455 (5th Cir. 2025)............................................................... 3

*McIntosh v. Partridge,*
540 F.3d 315, 327 (5th Cir. 2008) ............................................................... 3

*Rutila v. Dep't of Transportation,*
12 F.4th 509, 511 n.3 (5th Cir. 2021)........................................................... 4

*Utah v. Su,*
109 F.4th 313, 320 (5th Cir. 2024)............................................................... 4

**Other Authorities**

Federal Rule of Appellate Procedure 27(d)(1)(D) .................................... 2, 6

Federal Rule of Civil Procedure 37(e)(1) ........................................... 2, 5, 8, 9

Fifth Circuit L.R. 27.3 ............................................................................. 2, 5, 6

**INTRODUCTION**

Plaintiff-Appellant Justin Riddle's ("Riddle") "Emergency Motion Regarding Completed Evidence Destruction" (ECF No. 57; the "Motion"), should be denied because it (1) is procedurally improper, (2) fails to comply with applicable rules, and (3) is meritless.

The Motion is procedurally defective for at least two reasons. First, the alleged events giving rise to the Motion occurred after this appeal, and therefore are outside the scope of this appeal. The Motion baselessly accuses X Corp. of spoliating certain data related to a previously planned data migration involving its advertising platform. (To be clear, Riddle provides *no* evidence that any data was deleted or spoliated.) In any event, the alleged spoliation occurred no sooner than March 25, 2026, *i.e.*, months *after* the case was dismissed and *after* appellate briefing was complete. As such, the allegations fall outside the appellate record and therefore cannot be raised through a so-called "emergency" motion before this Court. Second, Riddle did not first seek the relief he seeks in this Motion from the district court. Riddle therefore cannot obtain from this Court the relief he seeks in the Motion.

The Motion also fails to comply with governing procedural rules,

1

including this Court's local rule regarding emergency motions (*see* Fifth Circuit L.R. 27.3) and Federal Rule of Appellate Procedure 27(d)(1)(D), which requires double spacing. While these may seem like minor violations for a pro se appellant, Riddle has exhibited a repeated pattern of disrespect to court rules and orders in this case. Considering that established record, Riddle's Motion should be denied or struck for violating court rules.

Finally, even if the Motion were properly before the Court (it is not), it is meritless. It relies entirely on speculative and conclusory allegations that come nowhere close to justifying relief under Federal Rule of Civil Procedure 37(e).

Accordingly, Riddle's Motion should be denied.

## ARGUMENT

### I.    The Motion Should Be Denied as Procedurally Improper

As a threshold matter, Riddle's Motion is procedurally improper because (a) it concerns post-dismissal conduct that is outside the scope of this appeal and (b) he did not first seek the requested relief in the district court. The Motion should be denied on those bases alone.

This Court's review is generally limited to the record on appeal and issues properly presented below. *See McIntosh v. Partridge*, 540

2

F.3d 315, 327 (5th Cir. 2008) ("As a general rule, this court 'will not enlarge the record on appeal with evidence not before the district court' . . . [without] sufficient justification[.]"). Riddle's request is based on alleged post-dismissal conduct occurring after the appellate briefing was completed. *See* Motion at 4 (alleging "ad platform migration" occurred on March 25, 2026). Riddle offers no justification for departing from the basic principle that this Court considers only matters that were first raised in the district court.

The Motion's reference to the district court's denial of Riddle's prior spoliation motions is misplaced. Riddle mischaracterizes the basis of the district court's order dismissing his sanctions motions by claiming the district court deemed "the spoliation moot because the destruction had already occurred." Motion at 12; AOB at 44 (same argument). That is false. The district court dismissed his sanctions as moot upon its denial of Riddle's motion for relief from judgment; it rendered no factual finding regarding Riddle's accusations of spoliation. *See* ECF No. 47 at 30 n.10 (discussing this argument); *see also Keister on behalf of Est. of Orr v. Dolgencorp, L.L.C.*, 139 F.4th 449, 454 (5th Cir. 2025) ("*Keister*") (affirming district court's denial of a motion for sanctions where

granting of a motion for summary judgment made the motion for sanctions moot). At any rate, Riddle's prior motions, filed in October 2025 (*see* ROA.2120–2181), did not, and could not, address purported spoliation that occurred on March 25, 2026, and therefore the Motion falls outside of the record on appeal.

In any event, this Court is not the proper forum to consider Riddle's allegations of evidence destruction in the first instance. "[A]ppellate courts generally sit as courts of review, not first view." *Utah v. Su*, 109 F.4th 313, 320 (5th Cir. 2024) (citation modified); *Rutila v. Dep't of Transportation*, 12 F.4th 509, 511 n.3 (5th Cir. 2021) (same). Accordingly, claims of spoliation and requests for sanctions must be presented to the district court before they may be reviewed on appeal. *See Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015) (motion for sanctions filed with district court and then reviewed by appellate court); *E.E.O.C. v. Recruit U.S.A., Inc.*, 939 F.2d 746, 757 (9th Cir. 1991) (declining to rule on a sanctions motion on interlocutory appeal of a preliminary injunction where the district court had not yet ruled on the sanctions motion); *Keister*, 139 F.4th at 453 (reviewing the district court's denial of a 37(e) motion for sanctions for abuse of discretion).

Riddle has not first sought the relief he seeks in the district court for the alleged spoliation that occurred on March 25, 2026, and therefore he may not obtain that relief from this Court.

In sum, Riddle's attempt to bypass that process and obtain emergency relief directly from this Court, without first seeking relief by the district court, is procedurally improper and warrants denial of the Motion.[1]

## II. The Motion Should Be Denied Because It Does Not Comply with Applicable Court Rules

The Motion also fails because it does not comply with applicable procedural requirements, including this Court's local rule governing emergency motions. *See* Fifth Circuit L.R. 27.3.

The Motion seeks expedited relief, including an order to show cause and a declaration within seven days (Motion at 17), but it fails to

---

[1] This is Riddle's *second* emergency motion raising issues outside the scope of appeal. *See* ECF Nos. 20 ("Opposed Emergency Motion for Immediate Relief Pending Appeal."), 21-1 at 13–14 (X Corp.'s Response arguing that ECF No. 20 was procedurally improper). This Court denied Riddle's prior emergency motion. *See* ECF No. 30-2 ("12/23/2025 Unpublished Order"). The repetition of such filings further demonstrates that the requested relief in this Motion is not properly presented to this Court and does not constitute a cognizable appellate emergency.

demonstrate any "good cause" required to justify emergency treatment as required under Fifth Circuit Local Rule 27.3. That rule required Riddle to set forth the nature of the emergency and "the irreparable harm [he] will suffer if the motion is not granted." *Id.* (citation modified). Riddle's Motion, however, fails to identify any genuine emergency or explain what irreparable harm he would suffer absent immediate relief.

The Motion also fails to comply with two other mandatory procedural requirements. Riddle did not call X Corp.'s counsel to notify them of his intent to file an emergency motion, as required by Fifth Circuit Local Rule 27.3. *See* Affidavit of Kenneth M. Trujillo-Jamison ¶ 3. The Motion also does not conform to formatting requirements of Federal Rule of Appellate Procedure 27(d)(1)(D), which requires double spacing.

Riddle's failure to comply with applicable court orders and rules is part of a pattern that cannot be excused by his *pro se* status. His prior emergency motion (ECF No. 20) had the same defects present here. *See* ECF No. 21-1 at 13–16 (X Corp.'s response detailing Riddle's violations). Riddle has also repeatedly violated this Court's rules with respect to

other filings. *See* ECF Nos. 19-2 (Riddle's motion "filed incorrectly"), 23-2 (Riddle's affidavit "filed incorrectly"), 31-2 (Riddle's opening brief was "deficient"), 39-2 (deficiencies noted in Riddle's proposed sufficient brief), 48-2 and 48-5 (noting Riddle's brief exceeds the word count and/or page limitations), 50-2 ("incorrect docket event was used"). This pattern predates this appeal; indeed, in dismissing Riddle's case with prejudice, the district court found that Riddle "has a clear history of stubborn and disobedient conduct," including "multiple" violations of the court's orders. ROA.2086. Riddle's *pro se* status does not grant him the "license to harass others, clog the judicial machinery with meritless litigation, and abuse overloaded court dockets." ROA.2087 (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)); *see also id.* (Riddle "continues to file non-compliant motions containing harassing and threatening language, including ultimatums to this Court").

Particularly considering Riddle's pattern of violating applicable court orders and rules, Riddle's failure to comply with applicable rules in the Motion is an independent basis to deny the Motion.

7

## III.     The Motion Fails on the Merits

Even if the Motion were procedurally proper (it is not) and complied with the applicable court rules (it does not), the Motion fails on the merits.

Sanctions may be imposed under Federal Rule of Civil Procedure 37(e)(2) where "electronically stored information ["ESI"] that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take steps to preserve it, and it cannot be restored or replaced through additional discovery . . . ." Moreover, this Court "permits an adverse inference or sanctions against the spoliator only upon a showing of 'bad faith' or 'bad conduct.'" *Ford v. Anderson Cnty., Texas*, 102 F.4th 292, 323 (5th Cir. 2024). Riddle makes no such showing in his Motion.

The Motion fails to establish that any relevant ESI existed, that X Corp. failed to take reasonable steps to preserve relevant ESI, or that any relevant ESI has been irretrievably lost. Instead, Riddle speculates that an alleged March 25, 2026 data migration concerning X Corp.'s advertising platform "render[ed] the entire legacy advertising infrastructure inaccessible during the pendency of this appeal." Motion

8

at 4–5. Even though Riddle acknowledges that X Corp. has the technical capability to preserve and restore such data, *id.* at 10 ("X Corp[.] possesses the engineering capacity to migrate, back up, and restore data at computational speed."), he nonetheless argues that "[i]f this migration preserved the disputed records in accessible form, X Corp[.] could have said so immediately. X Corp[.] has not." *Id.* Riddle's unsupported, speculative argument does not demonstrate that X Corp. spoliated any ESI. And, of course, no district court has found that X Corp. failed to preserve any relevant ESI.

Riddle also fails to demonstrate he suffered any prejudice resulting from the loss of the purported inaccessible records, as required by Rule 37(e)(1), or that X Corp. acted with intent to deprive Riddle of evidence, as required by Rule 37(e)(2). Courts routinely reject spoliation claims based on this kind of unsupported speculation. *See Keister*, 139 F.4th at 453–54 (affirming district court's denial of Rule 37(e) motion where "Keister has proffered no evidence to support a finding that Dolgencorp *intended* to deprive her of this evidence . . . . She simply surmises that intentional destruction is the only explanation for the absence of three pieces of evidence."); *Ford*, 102 F.4th at 324 (affirming

9

district court's denial of motion for sanctions and finding the district court did not abuse its discretion by concluding that the movant failed to present evidence of bad faith sufficient to warrant spoliation sanctions).

Accordingly, the Motion fails to establish any basis for sanctions or other relief, and if considered on the merits, the Motion should be denied.

## CONCLUSION

For all these reasons, the Motion should be denied.

Respectfully submitted,

Dated: April 10, 2026

*/s/ Kenneth M. Trujillo-Jamison*
Kenneth M. Trujillo-Jamison
WILLENKEN LLP
707 Wilshire Blvd., Suite 4100
Los Angeles, CA 90017
Telephone: (213) 955-9240
ktrujillo-jamison@willenken.com

*Attorneys for Defendant-Appellee X Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2026, this document was served via CM/ECF on Plaintiff-Appellee and all registered counsel and transmitted to the Clerk of the Court.

/s/ Kenneth M. Trujillo-Jamison

Kenneth M. Trujillo-Jamison
*Attorneys for Defendant-Appellee*
*X Corp.*

11

# CERTIFICATE OF COMPLIANCE

This document complies with the length limits set forth in Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2,135 words, excluding the accompanying documents authorized by Federal Rule of Appellate Procedure 27(a)(2)(B).

This document complies with the typeface and type-style requirements imposed by Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in a proportionally spaced, serifed typeface using Microsoft Word in 14-point Century Schoolbook font.

*/s/ Kenneth M. Trujillo-Jamison*
Kenneth M. Trujillo-Jamison
*Attorneys for Defendant-Appellee*
*X Corp.*

12