April 23, 2026

VIA ECF ONLY

Lyle W. Cayce

Clerk of Court

United States Court of Appeals for the Fifth Circuit

F. Edward Hebert Building

600 S. Maestri Place

New Orleans, LA 70130-3408

Re: Riddle v. X Corp., No. 25-50951

Plaintiff-Appellant's Response to Defendant-Appellee's Rule 28(j) Letter

Dear Mr. Cayce,

Appellant Riddle responds to X Corp.'s April 22, 2026 Rule 28(j) letter.

X Corp. cites Cox for the proposition that contributory liability requires intent shown through "affirmative acts." That standard is satisfied here, not defeated. The record and contemporaneous evidence establish affirmative conduct by X Corp.'s own affiliated personnel:

An account bearing X Corp.'s official @X affiliate designation — the same designation carried by X Corp.'s owner — accessed Appellant's ad campaign backend, manipulated creatives, and placed campaigns in non-delivering sandbox status. The same account publicly admitted taking Appellant's copyrighted image, then — after Appellant explained on-platform that his added text

established copyrightability — surgically cropped the text from the image. That is consciousness of the legal standard and deliberate action to evade it. The account then blocked Appellant on the platform.

This is not passive hosting. Under Cox, it is the textbook definition of affirmative conduct. X Corp. cannot invoke Cox's intent standard while its affiliated personnel are the actors supplying the intent.

X Corp.'s procedural objection — that these facts were not raised below — fails on its own terms. Appellant pleaded billing fraud and ad manipulation in the district court. The March 25, 2026 ad platform migration and the affiliated-account conduct are manifestations of the same preserved claims, developed through post-filing evidence X Corp. itself controlled. In any event, this Court recently confirmed courts "have the power and duty to find and apply the correct legal principles regardless of what the parties say." United States v. Ball, No. 25-60396 (5th Cir. Apr. 16, 2026) (Oldham, J., concurring).

X Corp.'s own footnote concedes the district court "never considered the impact of Cox on Riddle's claim" and dismissed on non-merits grounds. Cox therefore cannot supply an independent basis to affirm — it supplies a basis to remand.

Either the conduct described above is affirmative within Cox's meaning, or the word "passive" must be redefined to encompass it. There is no third option.

Respectfully submitted,

/s/ Justin Riddle

Justin Riddle

Plaintiff-Appellant, Pro Se







