No. 25-50951

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

JUSTIN RIDDLE,
*Plaintiff-Appellant*

*v.*

X CORP.,
*Defendant-Appellee.*

---

APPEAL FROM A JUDGMENT OF THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS, NO. 1:25-CV-73 (ALBRIGHT, J.)

---

**DEFENDANT-APPELLEE X CORP.'S MOTION FOR AN ORDER IMPOSING FILING RESTRICTIONS ON PLAINTIFF-APPELLANT JUSTIN RIDDLE OR TO PROVIDE THAT X CORP. ONLY RESPOND TO FUTURE SUBMISSIONS UPON THIS COURT'S ORDER**

---

KENNETH M. TRUJILLO-JAMISON
WILLENKEN LLP
707 WILSHIRE BLVD., SUITE 4100
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 955-9240
FACSIMILE: (213) 955-9250

*Attorneys for Defendant-Appellee X Corp.*

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made so the judges of this Court may evaluate possible disqualification or recusal.

**Plaintiff-Appellant:** Justin Riddle

**Defendant-Appellee**: X Corp., represented by Kenneth M. Trujillo-Jamison of Willenken LLP.

/s/ *Kenneth M. Trujillo-Jamison*
Kenneth M. Trujillo-Jamison
*Attorneys for Defendant-Appellee X Corp.*

# **TABLE OF CONTENTS**

Page

CERTIFICATE OF INTERESTED PERSONS ........................................i

INTRODUCTION.................................................................... 1

BACKGROUND ..................................................................... 2

ARGUMENT ........................................................................ 5

I.    Riddle's Repeated Improper Filings and Abusive Conduct
      Warrant a Filing Restriction............................................... 5

II.   The Requested Filing Injunction is Narrowly Tailored..................... 9

III.  In the Alternative, This Court Should Order that X Corp.
      Need Not Respond to Riddle's Motions or Submissions Absent
      Court Order .............................................................. 10

CONCLUSION .................................................................... 11

CERTIFICATE OF SERVICE.................................................... 12

CERTIFICATE OF COMPLIANCE............................................. 13

# TABLE OF AUTHORITIES

Page(s)


**Cases**

*Baum v. Blue Moon Ventures, LLC,*
513 F.3d 181 (5th Cir. 2008) ...................................................................... 5, 10

*Day v. Allstate Ins. Co.,*
788 F.2d 1110 (5th Cir. 1986) .......................................................................... 9

*Farguson v. MBank Houston, N.A.,*
808 F.2d 358 (5th Cir. 1986) ............................................................... 5, 6, 9, 10

*McIntosh v. Partridge,*
540 F.3d 315 (5th Cir. 2008) ............................................................................ 8

*Potts v. Texas,*
354 F. App'x 70 (5th Cir. 2009) ............................................................... 6, 9, 10

*Rutila v. Dep't of Transp.,*
12 F.4th 509 (5th Cir. 2021) ............................................................................ 8

*Schmidt v. Van Buren,*
243 F. App'x 803 (5th Cir. 2007) ...................................................................... 6

*Uresti v. Berchelmann,*
545 F. App'x 271 (5th Cir. 2013) ...................................................................... 6

*Uresti v. Reyes,*
506 F. App'x 328 (5th Cir. 2013) ...................................................................... 6

*Utah v. Su,*
109 F.4th 313 (5th Cir. 2024) .......................................................................... 8

*Vinson v. Heckmann,*
940 F.2d 114 (5th Cir. 1991) ...................................................................... 9, 11

**Other Authorities**

Rules and Internal Operating Procedures of the United States
Court of Appeals for the Fifth Circuit Rule 27.4 .............................. 1

## INTRODUCTION

Defendant-Appellee X Corp. ("X Corp.") respectfully moves for an order restricting Plaintiff-Appellant Justin Riddle ("Riddle") from filing additional motions or submissions in this appeal (which is fully briefed) without prior leave of Court.[1]

Throughout this appeal, Riddle has filed numerous procedurally improper, frivolous motions or other submissions that seek to reargue the merits of his appeal outside the standard briefing process, improperly attempt to introduce matters outside the appellate record, violate applicable rules, or all three. These filings interfere with the orderly disposition of the appeal and impose unnecessary burdens on the Court and X Corp. If Riddle's prior conduct is any indication, Riddle will continue to submit improper motions and submissions in this Court absent filing restrictions. During this case, Plaintiff has also harassed the district court and its staff, as well as X Corp.'s counsel. Accordingly,

---

[1] Under Rule 27.4 of the Rules and Internal Operating Procedures of the United States Court of Appeals for the Fifth Circuit, counsel for X Corp. has contacted Riddle about this Motion. Riddle has stated he will oppose the motion. *See* Affidavit of Kenneth M. Trujillo-Jamison ("Trujillo-Jamison Aff.") ¶ 4.

this Court should issue an order restricting Riddle from filing any additional motions or submissions in this appeal without prior leave of Court.

In the alternative, X Corp. requests an order providing that it need not respond to any future motions or submissions from Riddle in this appeal unless directed by the Court.

## **BACKGROUND**

In the district court, Riddle repeatedly submitted procedurally improper, frivolous filings and has engaged in threatening and harassing conduct against the district court and its personnel, as well as X Corp.'s counsel. His pattern of improper conduct has unfortunately persisted on appeal.

Riddle filed the underlying lawsuit on January 13, 2025. *See* ROA.16-71 (Complaint). While his case was pending before the district court, Riddle filed at least *twenty-five* non-dispositive motions and requests, most of which contained improper threats and ultimatums to the district court and otherwise failed to comply with applicable rules. *See* ROA.1–11 (District Court Docket).

Considering that conduct, on July 11, 2025, the district court

issued an "Order Regarding Case Management," where the court noted that "[s]everal of Riddle's filings contain improper threats and ultimatums," and further "admonishe[d] [Riddle] and place[d] him on notice of his obligation to comply with [that] Court's Local rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence." *See* ROA.1256–57. The district court also expressly warned Riddle that continued improper conduct could result in sanctions "including up to the dismissal of this case with prejudice as warranted." *See* ROA.1256–58.

Riddle disregarded that warning. One day after the Court issued its order, Riddle emailed X Corp.'s counsel and threatened to "absolutely BASH [X Corp.] and judges . . . into the ground" while "us[ing] Pacer as a microphone." ROA.182 ¶ 8; ROA.1891–94. The district court ultimately dismissed Riddle's case with prejudice based on Riddle's "repeated improper filings, failure to comply with local rules, and threatening and harassing conduct . . . ." ROA.2084–90.

Riddle has continued this behavior on appeal. In the roughly four months since Riddle filed his appeal, in addition to his opening and reply briefs, Riddle has filed at least four improper motions that fail to

comply with applicable Court rules, including:

- An "Emergency Motion for Immediate Relief Pending Appeal," ECF No. 14, based on alleged post-dismissal conduct outside the appellate record. *See* ECF No. 19-2 (taking no action on ECF No. 14).

- An "Opposed Emergency Motion for Immediate Relief Pending Appeal," ECF No. 20, also based on alleged post-dismissal conduct outside the appellate record. *See* ECF No. 30-2 (denying ECF No. 20).

- A "Motion for Leave to File Oversized Supplemental Brief," ECF No. 49, seeking to file an 87-page supplemental brief concerning "post-dismissal mathematical proof" and "real-time evidence during appeal." *See* ECF No. 50-2 (taking no action on ECF No. 49).

- An "Emergency Motion Regarding Completed Evidence Destruction," ECF No. 57, again based on alleged post-dismissal and post-appellate briefing conduct.

Furthermore, Riddle has continued to "threaten[]and harass[]"X Corp.'s counsel. On April 3, 2026, Riddle sent an email replete with

vulgar and abusive language, threatening to "destroy" X Corp.'s counsel and to "not ever stop." *See* Trujillo-Jamison Aff. ¶ 3.

**ARGUMENT**

## I.   Riddle's Repeated Improper Filings and Abusive Conduct Warrant a Filing Restriction

Considering Riddle's disregard of the ordinary procedural rules and process and his persistent threatening and harassing conduct, this Court should issue an order restricting Riddle from filing additional motions or submissions in this appeal without prior leave of Court.

Federal courts possess the inherent authority to manage their docket and protect the orderly administration of justice, including by imposing filing restrictions "to deter vexatious, abusive, and harassing litigation." *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008). Federal courts also have the power to enter such orders under various statutes and rules relating to sanctions. *See Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 n.1 (5th Cir. 1986) (citing various statutes granting the power to impose sanctions). Such filing restrictions "must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Id.* at 360.

The Fifth Circuit has repeatedly exercised this authority to

address frivolous, repetitive, and abusive filings by imposing sanctions and filing restrictions. *See Uresti v. Reyes*, 506 F. App'x 328, 329 (5th Cir. 2013) (cautioning "that frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions"); *Uresti v. Berchelmann*, 545 F. App'x 271, 273 (5th Cir. 2013) (imposing sanctions and citing to prior warning); *Schmidt v. Van Buren*, 243 F. App'x 803, 804 (5th Cir. 2007) (directing the clerk "to reject the filing of any motion and/or pleading by Schmidt" until sanction is paid and warning of additional sanctions should frivolous filings persist); *Potts v. Texas*, 354 F. App'x 70, 71–72 (5th Cir. 2009) (holding "Potts is BARRED from filing any pro se, IFP motion or appeal in this court pertaining to the subject matter of the instant action without prior written permission of an active judge of this court").

A party's *pro se* status is no excuse for abusive conduct. As the Fifth Circuit has explained, a "*pro se* [litigant] has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson*, 808 F.2d at 359; *see also* ROA.2087.

Rather than adhere to the structured appellate process, Riddle

has repeatedly filed submissions outside the ordinary briefing schedule that also fail to comply with procedural requirements, improperly rely on materials outside the appellate record, and disregard prior rulings and deficiencies identified by the Court. *See* ECF Nos. 19-2 (Riddle's motion "filed incorrectly"); 21-1 at 13–16 (X Corp.'s response detailing Riddle's violations in ECF No. 20); 23-2 (Riddle's affidavit "filed incorrectly"); 31-2 (Riddle's opening brief was "deficient"); 39-2 (deficiencies noted in Riddle's proposed sufficient brief); 48-2 and 48-5 (noting Riddle's brief exceeds the word count and/or page limitations); 50-2 ("incorrect docket event was used"); 60-1 at 9–12 (X Corp.'s response detailing violations in ECF No. 57).

Moreover, Riddle's unsolicited submissions largely reargue the merits, improperly raise new issues, or attempt to introduce new material outside the appellate record, often based on alleged post-dismissal conduct that is not properly before this Court. *See* ECF Nos. 14, 20, 49, 57. As X Corp. has repeatedly explained, these submissions are not an appropriate use of the appellate process. *See, e.g.*, 60-1 at 6–9 (arguing submission was procedurally improper because (a) it concerns post-dismissal conduct outside the appellate record and (b) Riddle did

not first seek relief in the district court); *see also Utah v. Su*, 109 F.4th 313, 320 (5th Cir. 2024) ("appellate courts generally sit as courts of review, not first review."); *Rutila v. Dep't of Transp.*, 12 F.4th 509, 511 n.3 (5th Cir. 2021) (same); *McIntosh v. Partridge*, 540 F.3d 315, 327 (5th Cir. 2008) ("As a general rule, this court 'will not enlarge the record on appeal with evidence not before the district court' . . . [without] sufficient justification."). Riddle's threats to and harassment of X Corp.'s counsel has continued on appeal. *See* Trujillo-Jamison Aff. ¶ 3. Riddle's pattern of disregard of the applicable rules in this appeal and his continued threats to, and harassment of, X Corp.'s counsel unfortunately mirrors Riddle's conduct in the district court, where the court found that Riddle "has a clear history of stubborn and disobedient conduct," including "multiple" violations of the court's orders. ROA.2086.

The persistence of these improper, frivolous filings without regard for legal procedure, appropriateness, or merit, demonstrates that, absent intervention, Riddle likely will continue to burden the Court and X Corp. with additional improper submissions. This Court should therefore impose a filing restriction to stop Riddle's repetitive and

abusive conduct. *See, e.g., Potts*, 354 F. App'x at 71–72 (imposing a similar filing restriction).

## II. The Requested Filing Injunction is Narrowly Tailored

X Corp. seeks an order restricting Riddle from filing additional motions or submissions in this appeal without prior leave of Court. X Corp.'s request is "tailored to protect the courts and innocent parties, while preserving the legitimate rights of [Riddle]." *Farguson*, 808 F.2d at 360; *see also Potts*, 354 F. App'x at 71 (holding "the district court did not abuse its discretion in barring Potts from filing further proceedings without judicial permission"). Indeed, X Corp.'s request is "specific and limited" and "with the simple expedient of leave of court," Riddle may file additional submissions. *Id.*[2]

The record here supports X Corp.'s narrow request, which seeks a filing restriction against further motions or submissions from Riddle without leave of court while his appeal is under submission and pending

---

[2] In fact, broader restrictions are available where warranted. *Vinson v. Heckmann*, 940 F.2d 114, 116–17 (5th Cir. 1991) (ordering, *sua sponte*, a more stringent sanction, and directing all trial and appellate courts within its supervisory jurisdiction to decline acceptance of any filing by Vinson without pre-authorization from the forum court); *see also Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1115 (5th Cir. 1986) (threatening to bar the plaintiff from filing additional actions without leave of court).

before this Court. Such a limited restriction is well within the Court's

authority. *See Potts*, 354 F. App'x at 71–72 (barring motions or appeals

in appellate court without leave of court).

### III. In the Alternative, This Court Should Order that X Corp. Need Not Respond to Riddle's Motions or Submissions Absent Court Order

In the alternative, the Court should order that X Corp. need not

respond to any future motions or submissions by Riddle unless the

Court directs it to do so, and that any failure to respond will not be

construed as acquiescence or concession to the relief sought in any

subsequently filed motion. This relief would conserve the resources of

both the parties and the Court, while preserving the Court's ability to

request further briefing if necessary.

This alternative relief is authorized by a federal court's inherent

authority to manage their docket and protect the orderly administration

of justice, and "to deter vexatious, abusive, and harassing litigation."

*Baum*, 513 F.3d at 187; *Farguson*, 808 F.2d at 360 (noting an appellate

court "may impose sanctions on appeal, *sua sponte*, if necessary"). It

also is narrower than sanctions that this Court has imposed in other

cases. *See, e.g.*, *Vinson*, 940 F.2d at 116–17 (imposing a filing restriction

in all district and appellate courts within the Court's supervisory jurisdiction).

<strong><u>CONCLUSION</u></strong>

For all these reasons, X Corp. respectfully requests an order restricting Riddle from filing additional motions or submissions in this appeal without prior leave of Court. In the alternative, X Corp. requests an order that it need not respond to any future motion or submission by Riddle unless the Court directs it to do so.[3]

Respectfully submitted,

Dated: April 27, 2026

*/s/ Kenneth M. Trujillo-Jamison*
Kenneth M. Trujillo-Jamison
WILLENKEN LLP
707 Wilshire Blvd., Suite 4100
Los Angeles, CA 90017
Telephone: (213) 955-9240
ktrujillo-jamison@willenken.com

*Attorneys for Defendant-Appellee X Corp.*

---

[3] X Corp. reserves the right to seek appropriate sanctions if Riddle's conduct persists.

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2026, this document was served via CM/ECF on plaintiff-appellee and all registered counsel and transmitted to the Clerk of the Court.

*/s/ Kenneth M. Trujillo-Jamison*
Kenneth M. Trujillo-Jamison
*Attorneys for Defendant-Appellee X Corp.*

# CERTIFICATE OF COMPLIANCE

This document complies with the length limits set forth in Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,985 words, excluding the accompanying documents authorized by Federal Rule of Appellate Procedure 27(a)(2)(B).

This document complies with the typeface and type-style requirements imposed by Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in a proportionally spaced, serifed typeface using Microsoft Word in 14-point Century Schoolbook font.

*/s/ Kenneth M. Trujillo-Jamison*
Kenneth M. Trujillo-Jamison
*Attorneys for Defendant-Appellee X Corp.*