No. 25-50951

**IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT**

JUSTIN RIDDLE,
*Plaintiff-Appellant*

*v.*

X CORP.,
*Defendant-Appellee.*

APPEAL FROM A JUDGMENT OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS, NO. 1:25-CV-73 (ALBRIGHT, J.)

**DEFENDANT-APPELLEE X CORP.'S REPLY IN SUPPORT OF MOTION FOR AN ORDER IMPOSING FILING RESTRICTIONS ON PLAINTIFF-APPELLANT JUSTIN RIDDLE OR TO PROVIDE THAT X CORP. ONLY RESPOND TO FUTURE SUBMISSIONS UPON THIS COURT'S ORDER**

KENNETH M. TRUJILLO-JAMISON
WILLENKEN LLP
707 WILSHIRE BLVD., SUITE 4100
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 955-9240
FACSIMILE: (213) 955-9250

*Attorneys for Defendant-Appellee X Corp.*

# **TABLE OF CONTENTS**

Page

INTRODUCTION................................................................................1

ARGUMENT ....................................................................................2

I.    RIDDLE CONCEDES THIS COURT'S AUTHORITY TO IMPOSE FILING RESTRICTIONS ................................................................2

II.    THE RECORD DEMONSTRATES A PATTERN OF IMPROPER FILINGS................................................................................3

III.    RIDDLE DOES NOT REBUT EVIDENCE OF HIS ABUSIVE CONDUCT..................................................................................4

IV.    THE REQUESTED RELIEF IS NARROW AND APPROPRIATE 5

CONCLUSION ..................................................................................7

CERTIFICATE OF SERVICE..............................................................8

CERTIFICATE OF COMPLIANCE.......................................................9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Farguson v. MBank Houston, N.A.*,
808 F.2d 358 (5th Cir. 1986)...........................................................5

**Rules**

Fed. R. App. P. 28(j)         6

## INTRODUCTION

Riddle's opposition brief (ECF No. 72; the "Opposition") confirms that a limited, prospective filing injunction against Riddle is warranted. Rather than meaningfully address the governing Fifth Circuit standard for filing restrictions, the Opposition largely reargues the merits, raises new factual allegations outside the appellate record, and advances procedural theories that are unrelated to the relief X Corp. seeks. Indeed, the Opposition exemplifies the kind of improper filings meriting a filing injunction.

The Opposition also mischaracterizes the relief requested. X Corp. does not seek to bar this Court from considering any filings already on the docket, nor does it request any ruling on Riddle's pending motions. Rather, the Motion only seeks an order that, going forward, requires Riddle to seek and obtain leave of Court before filing additional submissions in this appeal. Riddle's repeated arguments about allegedly "unaddressed" motions and procedural asymmetries are beside the point.

In sum, the Motion demonstrates that a narrowly tailored filing restriction is warranted to address Riddle's repeated improper filings,

abusive conduct, and to protect the orderly administration of this appeal. The Opposition does not meaningfully rebut that showing. Accordingly, this Court should grant X Corp.'s Motion.

## ARGUMENT

### I. RIDDLE CONCEDES THIS COURT'S AUTHORITY TO IMPOSE FILING RESTRICTIONS

The Opposition does not meaningfully dispute that this Court has authority to impose filing restrictions "to address frivolous, repetitive, and abusive filings." *See* Motion at 9–10 (citing various Fifth Circuit cases imposing filing restrictions); Opp. at 7 (conceding that filing restrictions are warranted for vexatious, abusive, and harassing conduct).[1] Instead, Riddle argues that such restrictions are unwarranted because he purportedly is not a vexatious litigant and his filings have not been declared frivolous on the merits. *Id.* at 7–8.

That argument misses the point. As explained in the Motion, filing restrictions are warranted not only for frivolous claims, but also for a demonstrated pattern of improper filings and abusive conduct. *See* Motion at 9–13. The Opposition does not rebut that showing, and

---

[1] For the Court's convenience, this brief cites to the ECF page numbers contained in the header of filings.

therefore concedes this Court has authority to impose the limited filing restriction X Corp. is requesting.

## II. THE RECORD DEMONSTRATES A PATTERN OF IMPROPER FILINGS

As detailed in the Motion, Riddle has repeatedly filed improper submissions that violate applicable procedural rules, attempt to introduce materials outside the appellate record, and/or seek to relitigate or expand the issues on appeal outside the ordinary briefing process. *See* Motion at 9–13.

The Opposition does not dispute this pattern. Instead, it confirms the pattern by relying on allegations outside the appellate record and arguments not properly before this Court. *See* Opp. at 8 (admitting Riddle's emergency motions (ECF Nos. 14, 20, 49, 57) "concern[] post-dismissal conduct" and that he did not first seek relief in the district court); *see also* Motion at 11–12 (addressing improper submissions that rely on material outside the appellate record). That is precisely the conduct the requested filing restriction is intended to address.

Riddle contends his repeated "emergency" motions are justified because he cannot raise this alleged post-dismissal conduct in the district court because his appeal is pending. *Id.* (asserting "[s]poliation

of evidence during the pendency of an appeal cannot be raised below"). It does not follow, however, that such matters may be presented for the first time on appeal through serial motions supported by extra-record material. As explained in the Motion, this Court "sit[s] as [a] court[] of review, not first review" and generally will not enlarge the record on appeal. *See* Motion at 11–12 (citing Fifth Circuit authority). Riddle does not rebut or distinguish that authority or cite any basis for using appellate motion practice to introduce new evidence or litigate new factual disputes.

As such, Riddle's Opposition confirms that he has engaged in pattern of filing improper submissions with this Court.

## III. RIDDLE DOES NOT REBUT EVIDENCE OF HIS ABUSIVE CONDUCT

The Motion also identifies Riddle's repeated harassing communications with, and threats of, the district court, its personnel, and X Corp.'s counsel, the latter of which have continued on appeal. *See* Motion at 12. The Opposition does not meaningfully deny he made those communications or threats. *See* Opp. at 8–9.

Instead, Riddle argues that his communications do not constitute threats of physical harm. *Id.* But abusive conduct is not limited to

4

threats of physical violence. As the district court found, Riddle has engaged in conduct, "not to seek justice, but rather to harass and cause expense to [X Corp.]." *See* ROA.2088. Such conduct is properly considered in determining whether filing restrictions are warranted, and a litigant's *pro se* status does not provide "license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" ROA.2087 (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)).

In sum, Riddle's undisputed pattern of abusive conduct, taken along with Riddle's filing history, more than supports imposing a narrow filing restriction.

## IV. THE REQUESTED RELIEF IS NARROW AND APPROPRIATE

X Corp. seeks a limited, prospective restriction requiring Riddle to obtain leave of Court before filing additional submissions in this appeal. Such relief is well within this Court's authority and is "tailored to protect the courts and innocent parties, while preserving the legitimate rights of [Riddle]." *See* Motion at 13 (quoting *Farguson*, 808 F.2d at 360).

The Opposition does not argue otherwise. Nor does it contend that

the requested relief is overbroad. To the contrary, the Opposition's length and substance, replete with extra-record allegations and arguments unrelated to the Motion,[2] further demonstrate the need for a filing restriction against Riddle to ensure the orderly disposition of this appeal.

[THE REMAINDER OF THIS PAGE

HAS INTENTIONALLY BEEN LEFT BLANK.]

---

[2] For example, Riddle incorrectly argues X Corp. "lost a Rule 28(j) exchange." *See* Opp. at 3–4, 18 (referencing ECF No. 63). Riddle misapprehends the role of X Corp.'s Rule 28(j) letter, which cited two recent Supreme Court decisions issued after X Corp. filed its brief in this appeal that, in X Corp.'s view, provide an independent basis for affirming the district court's judgment. *See* ECF No. 63 at 1–2. In any event, X Corp.'s Rule 28(j) letter and Riddle's response to that letter are unrelated to this Motion.

## CONCLUSION

For these reasons, and those set forth in the Motion, X Corp. respectfully asks the Court to grant its Motion and impose a filing restriction requiring Riddle to obtain leave of Court before filing additional submissions in this appeal. In the alternative, the Court should grant X Corp.'s request that it not be required to respond to further filings by Riddle absent Court order.

Respectfully submitted,

Dated:  May 6, 2026

*/s/ Kenneth M. Trujillo-Jamison*
Kenneth M. Trujillo-Jamison
WILLENKEN LLP
707 Wilshire Blvd., Suite 4100
Los Angeles, CA 90017
Telephone: (213) 955-9240
ktrujillo-jamison@willenken.com

*Attorneys for Defendant-Appellee X Corp.*

# CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2026, this document was served via CM/ECF on plaintiff-appellee and all registered counsel and transmitted to the Clerk of the Court.

/s/ *Kenneth M. Trujillo-Jamison*
Kenneth M. Trujillo-Jamison
*Attorneys for Defendant-Appellee X Corp.*

# CERTIFICATE OF COMPLIANCE

This document complies with the length limits set forth in Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,109 words, excluding the accompanying documents authorized by Federal Rule of Appellate Procedure 27(a)(2)(B).

This document complies with the typeface and type-style requirements imposed by Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in a proportionally spaced, serifed typeface using Microsoft Word in 14-point Century Schoolbook font.

*/s/ Kenneth M. Trujillo-Jamison*

Kenneth M. Trujillo-Jamison
*Attorneys for Defendant-Appellee X Corp.*
