No. 25-50951

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

**JUSTIN RIDDLE,**

Plaintiff-Appellant,

v.

**X CORP.,**

Defendant-Appellee.

Appeal from a Judgment of the United States District Court
for the Western District of Texas, No. 1:25-CV-73 (Albright, J.)

# PLAINTIFF-APPELLANT JUSTIN RIDDLE'S MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANT-APPELLEE X CORP.'S REPLY IN SUPPORT OF MOTION FOR FILING RESTRICTIONS

Justin Riddle

Plaintiff-Appellant, Pro Se
Omaha, Nebraska

**MOTION FOR LEAVE TO FILE SUR-REPLY**

Plaintiff-Appellant Justin Riddle respectfully moves this Court for leave to file the sur-reply submitted herewith. Leave is appropriate where, as here, the moving party's reply brief contains specific factual representations about the opposing party that are demonstrably contradicted by record evidence and that the opposing party has not previously had an opportunity to address.

X Corp.'s Reply in Support of Motion for Filing Restrictions (ECF No. 76, filed May 6, 2026) (the "Reply") attributes to Riddle several positions, admissions, and conduct that the underlying record contradicts. Specifically, the Reply represents to this Court that Riddle has engaged in "harassing communications with, and threats of, the district court, its personnel, and X Corp.'s counsel," and characterizes Riddle's opposition as failing to deny those communications. ECF No. 76 at 4. The representation regarding communications with the district court and its personnel is contradicted by record evidence — specifically, a recorded telephone communication the existence of which has been a matter of record in proceedings related to this case, and which shows

the communication in question to have been polite, brief, and explicitly limited to non-merits matters.

The Reply also misstates Riddle's actual positions in his opposition with respect to several other matters. Each is identified in the proposed sur-reply with citation to the underlying text. Riddle has not previously had an opportunity to address these representations because they appear for the first time in the Reply.

The sur-reply is brief and is limited to (1) identifying the specific factual representations in the Reply that the record contradicts, (2) putting the contradicting record evidence before the Court, and (3) requesting relief proportionate to the documented misrepresentations. It does not relitigate the merits of the filing restriction motion. It does not introduce any new substantive argument. It addresses only the accuracy of factual representations made in the Reply itself.

Riddle is mindful that X Corp. has moved to restrict his filings. He notes that the present motion does not violate any restriction currently in place — none has been ordered — and that the document being submitted addresses representations made by counsel after the

opposition was filed and which Riddle had no prior opportunity to address. The motion is narrow, the relief requested is narrow, and the underlying factual record is binary.

For these reasons, Riddle respectfully requests that this Court grant leave to file the sur-reply submitted herewith.

Dated: May 8, 2026

Respectfully submitted,

/s/ Justin Riddle
Justin Riddle
Plaintiff-Appellant, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2026, this document was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court.

/s/ Justin Riddle
Justin Riddle, Pro Se

## CERTIFICATE OF COMPLIANCE

This document complies with the length limits set forth in Federal Rule of Appellate Procedure 27(d)(2)(A). It complies with the typeface and type-style requirements imposed by Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in a proportionally spaced, serifed typeface using 14-point Century Schoolbook font.

/s/ Justin Riddle
Justin Riddle, Pro Se