No. 25-50951

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

**JUSTIN RIDDLE,**

Plaintiff-Appellant,

v.

**X CORP.,**

Defendant-Appellee.

Appeal from a Judgment of the United States District Court
for the Western District of Texas, No. 1:25-CV-73 (Albright, J.)

# PLAINTIFF-APPELLANT JUSTIN RIDDLE'S SUR-REPLY TO DEFENDANT-APPELLEE X CORP.'S REPLY IN SUPPORT OF MOTION FOR FILING RESTRICTIONS

Justin Riddle
Plaintiff-Appellant, Pro Se

Omaha, Nebraska

**INTRODUCTION**

X Corp.'s Reply (ECF No. 76) attributes to Riddle representations, admissions, and conduct that the record contradicts. This sur-reply identifies the specific contradictions and places the contradicting record evidence before the Court.

The contradictions are not subtle. The Reply represents that Riddle has engaged in "harassing communications with, and threats of, the district court, its personnel, and X Corp.'s counsel," and that Riddle's opposition "does not meaningfully deny he made those communications or threats." ECF No. 76 at 4. The communications-with-the-district-court representation is the subject of recorded evidence. The recording shows what was actually said. What was said does not match what counsel has represented to this Court.

The Reply also relies on a structural inference that warrants identification. Throughout, the Reply treats the absence of specific denial as concession. That inference operates only when the underlying allegation has been stated with specificity sufficient to permit specific

denial. Where, as in several instances here, the Reply makes gestural allegations without identifying particular conduct, the absence of specific denial reflects the absence of specific allegation, not concession of unspecified conduct.

## I.  THE REPLY'S REPRESENTATION REGARDING COMMUNICATIONS WITH THE DISTRICT COURT IS CONTRADICTED BY A RECORDING.

The Reply states that Riddle's opposition "does not meaningfully deny" that he engaged in "harassing communications with, and threats of, the district court, its personnel, and X Corp.'s counsel." ECF No. 76 at 4.

Riddle's opposition addressed tone in correspondence with **opposing counsel only** — specifically, the April 3, 2026 email to which X Corp.'s motion attached an affidavit. Opp. at 8–9. The opposition did not address communications with the district court or its personnel because no such communications occurred that could fairly be characterized as harassing.

The single communication between Riddle and any member of district court personnel is a recorded telephone call to chambers, the contents of which include the following statements by Riddle:

- "Thanks though for your time"
- "I appreciate it"
- "Have a good day"
- Consistent use of "sir" throughout the call
- The explicit statement: "I'm not discussing case merits"

The recording is publicly accessible at https://youtu.be/VvdxPawU5Sw. Its existence has been a matter of record in proceedings related to this case for approximately ten months. X Corp.'s counsel had constructive notice of the recording's existence and contents. Riddle has previously identified the recording in correspondence with X Corp.'s counsel.

The recording shows a polite, professional, and brief communication explicitly limited to non-merits matters. It does not show harassment. It cannot reasonably be characterized as a threat. The statement in the Reply that Riddle has not denied harassing

communications with the district court characterizes Riddle's silence

regarding non-existent conduct as acknowledgment of that conduct.

## II. THE MOTION IDENTIFIES TWO SPECIFIC INSTANCES OF ALLEGEDLY ABUSIVE CONDUCT, BOTH OF WHICH FAIL UNDER EXAMINATION.

Beyond gestural references to "repeated" communications and "a

pattern" of conduct, the underlying motion identifies two specific

instances of allegedly abusive communication: (a) the recorded

telephone call addressed in Section I above, and (b) the April 3, 2026

email from Riddle to X Corp.'s counsel.

The first is contradicted by the recording.

The second is correspondence between a party and opposing

counsel. Such correspondence is not ordinarily part of the case record, is

not ordinarily reviewed by the court, and would not have been before

this Court but for X Corp.'s affirmative decision to attach it as an

exhibit to its motion. The April 3 correspondence was directed to

counsel for a party whose conduct — including continuing

impersonation of Riddle on the platform and the named account

operator's on-platform admission of taking and cropping Riddle's

copyrighted image — was the subject of the underlying litigation and was ongoing at the time of the correspondence. Whatever the tone of the email, its tone was directed at counsel for a party whose substantive conduct was actively continuing as the email was being written.

Beyond these two specific instances, the motion's characterizations of "repeated harassing communications," "a pattern of abusive conduct," and "threats" are gestural plurals without identified concrete referents. A respondent cannot specifically deny conduct that has not been specifically alleged. The Reply's characterization of Riddle's general denial as insufficient because it fails to address particulars — when the motion has not provided particulars beyond the two instances above — places Riddle in a closed loop the rules do not authorize.

## III.  THE REPLY MISCHARACTERIZES SEVERAL ADDITIONAL POSITIONS IN THE OPPOSITION.

The Reply makes three further factual representations about Riddle's opposition that the opposition's text does not support.

**A.**  The Reply represents that Riddle *"did not first seek relief in the district court."* ECF No. 76 at 3. The opposition stated that

post-dismissal conduct **cannot** be raised below because "[s]poliation of evidence during the pendency of an appeal cannot be raised below." Opp. at 8 (emphasis added). The distinction between "cannot" and "did not" is the distinction between structural impossibility and procedural choice. The Reply's recharacterization converts a jurisdictional limitation into a forfeiture concession Riddle did not make. The post-dismissal conduct at issue — including evidence destruction during the pendency of this appeal and the continuing impersonation that was pleaded in the operative complaint — is not extra-record material in any meaningful sense. It is the same conduct previously pleaded, observed at a later moment in time.

**B.** The Reply represents that Riddle *"argues that his communications do not constitute threats of physical harm."* ECF No. 76 at 4. The opposition's actual statement was that Riddle's communications "communicate[] [no] intent to inflict physical **or unlawful** harm." Opp. at 8 (emphasis added). The Reply omits the "or unlawful" portion of the denial, then pivots to argue that "abusive conduct is not limited to threats of physical violence." ECF No. 76 at

4–5. The pivot relies on the very narrowing the Reply itself introduced into Riddle's position.

**C.** The Reply represents that Riddle conceded that filing restrictions *"are warranted for vexatious, abusive, and harassing conduct."* ECF No. 76 at 2. The opposition's actual statement was that filing restrictions "are reserved for vexatious, abusive, and harassing litigation **defined by frivolousness on the merits**." Opp. at 7 (emphasis added). The frivolousness-on-the-merits requirement is part of the standard the opposition articulated, not a separable element. The Reply strips the frivolousness requirement from Riddle's articulation of the standard and recasts the remainder as a concession that the standard's predicate is satisfied.

## IV.  WHAT REMAINS OF THE MOTION ONCE THESE ITEMS ARE REMOVED.

Once the misattributions are corrected and the two specific instances of allegedly abusive conduct are properly characterized, the motion's remaining content consists of (a) procedural deficiencies in Riddle's prior filings — formatting issues, word-count overages,

incorrect docket-event selections — and (b) gestural references to conduct without identified instances.

The procedural deficiencies are the predictable consequence of pro se status. The Federal Rules treat them as deficiencies to be corrected, not as sanctionable misconduct, and represented parties' identical errors are routinely accepted with corrective amendment without characterization as abuse. The gestural conduct allegations cannot, by their nature, support sanctions: a sanctions motion premised on conduct that has not been specifically identified provides the respondent no opportunity to specifically respond, and provides the Court no specific conduct to evaluate against the controlling standards.

The controlling standards — *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181 (5th Cir. 2008), and *Farguson v. MBank Houston, N.A.*, 808 F.2d 358 (5th Cir. 1986), among others — require frivolousness on the merits, harassment of innocent parties, and abuse of overloaded dockets. Tone, register, and emotional cadence are not among the doctrinal elements of those standards. The Reply's reliance on these features as the principal evidence of abuse describes a category of evidence the cited standards do not recognize.

## V.  RELIEF REQUESTED.

Riddle does not, by this sur-reply, seek discipline of counsel. He requests only that this Court take notice of the documented contradictions between counsel's representations in the Reply and the underlying record, and that any disposition of the pending filing restriction motion account for those contradictions.

Specifically, Riddle requests that this Court:

1.  Take judicial notice of the recording referenced in Section I, available at https://youtu.be/VvdxPawU5Sw.

2.  Decline to credit, as a basis for the requested filing restrictions, X Corp.'s representation that Riddle has engaged in harassing communications with the district court or its personnel, given the recorded contradiction.

3.  Decline to credit, as concessions or admissions by Riddle, the representations identified in Section III that misattribute positions Riddle did not take.

## CONCLUSION

The Reply asks this Court to impose filing restrictions on a pro se litigant in part on the basis of factual representations that the record contradicts. Riddle does not contend that all of the Reply's arguments are inaccurate. He contends only that the specific factual representations identified above are inaccurate, are contradicted by record evidence, and have been made repeatedly after notice of the contradiction. Whatever disposition this Court reaches on the underlying motion, the disposition should not rest on factual predicates the record does not support.

Dated: May 8, 2026

Respectfully submitted,

/s/ Justin Riddle
Justin Riddle
Plaintiff-Appellant, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2026, this document was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court.

/s/ Justin Riddle
Justin Riddle, Pro Se

## CERTIFICATE OF COMPLIANCE

This document complies with the length limits set forth in Federal Rule of Appellate Procedure 27(d)(2)(A). It complies with the typeface and type-style requirements imposed by Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in a proportionally spaced, serifed typeface using 14-point Century Schoolbook font.

/s/ Justin Riddle
Justin Riddle, Pro Se