No. 25-50951
**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

JUSTIN RIDDLE,
*Plaintiff-Appellant*

*v.*

X CORP.,
*Defendant-Appellee.*

APPEAL FROM A JUDGMENT OF THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS, NO. 1:25-CV-73 (ALBRIGHT, J.)

**DEFENDANT-APPELLEE X CORP.'S RESPONSE TO
PLAINTIFF-APPELLANT JUSTIN RIDDLE'S MOTION FOR
LEAVE TO FILE SUR-REPLY TO X CORP.'S REPLY IN
SUPPORT OF MOTION FOR FILING RESTRICTIONS
(ECF NO. 79-1) AND NOTICE FOR THE RECORD AND MOTION
FOR JUDICAL NOTICE (ECF NO. 79-3)**

KENNETH M. TRUJILLO-JAMISON
WILLENKEN LLP
707 WILSHIRE BLVD., SUITE 4100
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 955-9240
FACSIMILE: (213) 955-9250

*Attorneys for Defendant-Appellee X Corp.*

"Plaintiff-Appellant Justin Riddle's Motion for Leave to File Sur-Reply to Defendant-Appellee X Corp.'s Reply in Support of Motion for Filing Restrictions" (ECF No. 79-1; the "Surreply Motion") should be denied because Riddle fails to show he merits leave to file a surreply.

Surreplies are "heavily disfavored by courts" and permitted only when a reply raises new arguments or evidence to which the movant had no prior opportunity to respond. *See, e.g.*, *Warrior Energy Servs. Corp. v. ATP Titan M/V*, 551 F. App'x 749, 751 n.2 (5th Cir. 2014); *RedHawk Holdings Corp. v. Schreiber Tr. of Schreiber Living Tr. - DTD 2/8/95*, 836 F. App'x 232, 235 (5th Cir. 2020) ("there is no right to file a surreply"); *see also Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (holding the district court did not abuse its discretion in denying a motion for leave to file a surreply where the reply "did not raise any new arguments").

Riddle fails to demonstrate that X Corp.'s "Reply in Support of Motion for an Order Imposing Filing Restrictions on Riddle or to Provide that X Corp. Only Respond to Future Submissions Upon This Court's Order" (ECF No. 76; the "Reply") contains any new arguments or evidence to which he did not previously have a chance to respond. Riddle

1

claims he needs leave to file a surreply to address X Corp.'s assertion in its Reply that Riddle "engaged in 'harassing communications with, and threats of, the district court, its personnel, and X Corp.'s counsel,'" which Riddle claims is "contradicted by record evidence." Surreply Motion at 3. X Corp. highlighted those communications and threats in its opening brief, *see* ECF No. 69-1 (the "Filing Restrictions Motion") at 2–3, 4–5, 8, and Riddle could have rebutted those points in his opposition brief, *see* ECF No. 72 (the "Opposition"). He did not. *See* Reply at 4 ("The Opposition does not meaningfully deny he made those communications or threats."). Having squandered that opportunity, he should not be granted leave to address them now. *See, e.g.*, *RedHawk Holdings Corp.* 836 F. App'x at 235; *Austin*, 864 F.3d at 336.

Riddle also claims he should be granted leave to file a surreply because the Reply purportedly "misstates Riddle's actual positions in his opposition with respect to several other matters." Surreply Motion at 4. X Corp. disputes that it mischaracterized anything in his Opposition. In any event, Riddle's disagreement with X Corp.'s characterization of his positions is not a valid basis for leave to file a surreply. *See, e.g.*, *RedHawk Holdings Corp.* 836 F. App'x at 235; *Austin*, 864 F.3d at 336.

Riddle's concurrently filed request for judicial notice (ECF No. 79-3; the "RJN"), which he claims contains an audio recording showing that he acted "polite" and "professional" toward the district court's chambers personnel (*id.* at 3), likewise provides no basis for a surreply. Riddle could have attempted to submit that audio recording in support of his Opposition, but he did not. Further, X Corp. objects to Riddle's self-serving subjective characterization of that telephone call, which seems to be the very call the district court found constituted "verbal[] harass[ment] [of] one of the Court's law clerk[s]" and was an improper attempt to engage in "ex parte communication" by arguing the merits of his case. ROA.1256. Indeed, the district court issued a Case Management Order, finding that "[s]everal of [Riddle's] filings contain improper threats and ultimatums" which prompted that court to "admonish[] [Riddle] and place him on notice of his obligation to comply with [that] Court's Local rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence." ROA.1256–57. And, in dismissing Riddle's case for failing to comply with the Case Management Order, the district court found that Riddle "has a clear history of stubborn and disobedient

conduct.[1] *See* ROA.2086. In short, Riddle's audio recording fails to contradict the district court's finding about Riddle's continued disobedience of court rules and, in any event, does not justify additional briefing.

[THE REMAINDER OF THIS PAGE

HAS INTENTIONALLY BEEN LEFT BLANK.]

---

[1] X Corp. also objects to Riddle's RJN because the recording has not been authenticated, is not in the appellate record, and is not suitable for judicial notice because it is not "generally known within the trial court's territorial jurisdiction" nor can it "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201. X Corp. further objects because the recording is irrelevant to the resolution of the Surreply Motion. *See Dueling v. Devon Energy Corp.*, 623 F. App'x 127, 130 n.4 (5th Cir. 2015) (denying request for judicial notice where material was irrelevant).

If anything, Riddle's Surreply Motion only demonstrates his pattern of inundating the Court with improper filings, which prompted X Corp. to file its Filing Restrictions Motion in the first place. *See* ECF No. 69-1. Absent an order from this Court imposing filing restrictions on Riddle, that pattern likely will continue. Thus, not only should this Court deny Riddle's Motion, it also should grant X Corp.'s Filing Restrictions Motion.[2]

Respectfully submitted,

Dated: May 18, 2026

*/s/ Kenneth M. Trujillo-Jamison*
Kenneth M. Trujillo-Jamison
WILLENKEN LLP
707 Wilshire Blvd., Suite 4100
Los Angeles, CA 90017
Telephone: (213) 955-9240
ktrujillo-jamison@willenken.com

*Attorneys for Defendant-Appellee X Corp.*

---

[2] Should the Court be inclined to grant the Surreply Motion, X Corp. respectfully requests leave to file a response to Riddle's proffered surreply (ECF No. 79-2).

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2026, this document was served via CM/ECF on plaintiff-appellee and all registered counsel and transmitted to the Clerk of the Court.

*/s/ Kenneth M. Trujillo-Jamison*
Kenneth M. Trujillo-Jamison
*Attorneys for Defendant-Appellee X Corp.*

# CERTIFICATE OF COMPLIANCE

This document complies with the length limits set forth in Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 868 words, excluding the accompanying documents authorized by Federal Rule of Appellate Procedure 27(a)(2)(B).

This document complies with the typeface and type-style requirements imposed by Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in a proportionally spaced, serifed typeface using Microsoft Word in 14-point Century Schoolbook font.

/s/ Kenneth M. Trujillo-Jamison
Kenneth M. Trujillo-Jamison
*Attorneys for Defendant-Appellee X Corp.*