# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

No. 25-50951

_____

**JUSTIN RIDDLE,**
*Plaintiff-Appellant,*

v.

**X CORP.,**
*Defendant-Appellee.*

_____

**APPELLANT'S MOTION FOR LEAVE TO FILE
EMERGENCY SUPPLEMENTAL MOTION IN EXCESS
OF THE WORD LIMITATION OF FED. R. APP. P. 27(d)(2)**

_____

**TO THE HONORABLE COURT:**

Appellant Justin Riddle, pro se, respectfully moves this Court, pursuant to Fed. R. App. P. 27(d)(2) and 5th Cir. R. 27.4, for leave to file the accompanying Emergency Supplemental Motion for Immediate Judicial Action in excess of the 5,200-word limitation ordinarily applicable to motions. The accompanying motion contains 7,551 words. The grounds for this request follow.

## I. GOOD CAUSE FOR EXCESS LENGTH

The accompanying Emergency Supplemental Motion documents an architecture of harm spanning eighteen months, multiple actors, and multiple forums. The length of the motion is not a stylistic choice. It is a function of the evidentiary density required to (a) identify, by X-platform-native post ID and verbatim content, five specific posts comprising the May 23–24, 2026 escalation against Appellant's seventeen-year-old daughter; (b) identify, with specificity, twelve distinct misrepresentations placed on the record of this Court by counsel for Appellee; (c) document the platform-level participation evidence that establishes Appellee's conduct as falling outside Section 230 immunity; and (d) present a question of first impression concerning the

litigation privilege's relationship to foreseeable downstream harm to a third-party minor.

Compression of any of those four evidentiary categories would either remove the post identifiers (eliminating the documentary spine of the motion), remove the specific misrepresentations (eliminating the basis for the relief sought in paragraph IV), remove the platform-participation evidence (eliminating the Section 230 framework), or remove the novel legal question (eliminating the predicate for the state-court proceedings noticed therein). Each category is independently load-bearing. None can be cut without destroying the motion's evidentiary function.

Appellant further notes the procedural context in which this request is made. The accompanying motion documents that Appellant has had emergency filings pending before this Court for periods now exceeding five months, during which the conduct documented in those filings escalated incrementally and culminated, on May 23 and May 24, 2026, in the targeting of Appellant's minor daughter. The accompanying motion is the first opportunity Appellant has had to place the full architecture of that escalation, and the specific record-based misrepresentations contributing to it, before this Court in a single integrated filing. The length is responsive to that necessity.

Appellant is mindful that pro se status does not relieve a litigant of the word limitations of Fed. R. App. P. 27(d)(2). Appellant does not invoke pro se status as a basis for this request. Appellant invokes the substantive content of the accompanying motion — the documented escalation against a minor, the twelve specific misrepresentations, the platform-participation evidence, and the question of first impression — as good cause within the meaning of 5th Cir. R. 27.4.

## II.  RELIEF REQUESTED

Appellant respectfully requests that this Court grant leave to file the accompanying Emergency Supplemental Motion for Immediate Judicial Action in its 7,551-word form, and that the motion be deemed filed as of May 25, 2026 — the date of its original tender to the Court.

In the alternative, if this Court declines to grant leave for the full length, Appellant respectfully requests that this Court identify which of the four evidentiary categories identified in Section I above the Court would have Appellant remove, so that any subsequent abbreviated filing may be made with the Court's guidance as to which documentation the Court would prefer not to consider.

4

Respectfully submitted this 26th day of May, 2026.


/s/ Justin Riddle

_____

Justin Riddle, Pro Se
Omaha, NE
justinriddle1@gmail.com
(402) 813-2156

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of May, 2026, a true and correct copy of the foregoing Motion for Leave was served via the Court's electronic filing system upon all counsel of record, including:

Kenneth M. Trujillo-Jamison
Willenken LLP
ktrujillo-jamison@willenken.com

Norma N. Bennett
Shook, Hardy & Bacon LLP
nbennett@shb.com

/s/ Justin Riddle

_____

Justin Riddle, Pro Se

## CERTIFICATE OF COMPLIANCE

1.  This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this motion contains 543 words.

2.  This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionally spaced typeface in 14-point Times New Roman.

Dated: May 26, 2026.

/s/ Justin Riddle

_____

Justin Riddle, Pro Se