# United States Court of Appeals for the Fifth Circuit

---

No. 25-50951
Summary Calendar

---

United States Court of Appeals
Fifth Circuit
**FILED**
July 13, 2026
Lyle W. Cayce
Clerk

Justin Riddle,

*Plaintiff—Appellant*,

*versus*

X Corp., *formerly known as* Twitter, Incorporated,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:25-CV-73

---

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Justin Riddle sued X Corp. (formerly Twitter, Inc.) after X users allegedly posted his copyrighted material on the platform. The district court dismissed the case in two steps. First, it granted X Corp.'s motion to dismiss all but Riddle's contributory-copyright-infringement claim. That same day, the court warned Riddle in a Case Management Order that continued

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

"inappropriate conduct in this case"—including ex parte communications, local-rule violations, and threatening or harassing language directed at opposing counsel and the court—could result in sanctions, including dismissal with prejudice. When Riddle persisted, the court dismissed the remaining claim with prejudice. *See Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) ("Rule 41(b) authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order.").

We construe pro se briefs liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). But that solicitude does not excuse a pro se appellant from meaningfully briefing his arguments. *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). Riddle raises many objections, but he does not grapple with the district court's reasons for dismissing the claims resolved in the Rule 12 order.[1] Those challenges are therefore abandoned. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Nor does Riddle meaningfully challenge the Rule 41(b) dismissal of his remaining contributory-copyright claim.[2] He does not dispute the district

---

[1] Riddle briefly argues that the district court erred by dismissing his claim for direct copyright infringement while allowing his contributory-infringement claim to proceed, asserting that one "cannot have contributory infringement without direct infringement." That assertion misses the ruling. The district court did not hold that no direct infringement occurred; it held that "the allegations do not support the reasonable inference that X Corp. directly infringed the copyright" because Riddle's allegations made "clear that it is X Corp.'s users—not X Corp.—that selected the" allegedly infringing material, and because the complaint lacked any allegation "that X Corp. is anything other than 'the owner and manager of a system used by others who are violating Plaintiff's copyright and is not an actual duplicator itself.'"

[2] Riddle says the district court "dismissed this case for tone" and adds that "one man's vulgarity is another's lyric." But he does not address the order's stated grounds: repeated misconduct after an express warning, the insufficiency of lesser sanctions, and the aggravating factors the court found present.

court's account of his conduct, its warning, its conclusion that lesser sanctions would not suffice, or its finding that aggravating factors were present. He has abandoned that challenge as well. *See id.*

Abandonment alone resolves this appeal. In any event, the district court did not abuse its discretion by dismissing Riddle's remaining claim with prejudice. Because dismissal with prejudice is a severe sanction, it is appropriate "only when there is 'a showing of (a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice.'" *Griggs*, 905 F.3d at 844 (quoting *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018)). "In most cases, a plain record of delay or contumacious conduct is found if one of the three aggravating factors is also present: (1) delay caused by the plaintiff; (2) actual prejudice to the defendant; or (3) delay as a result of intentional conduct." *Griggs*, 905 F.3d at 844 (quoting *Stearman v. Comm'r of Internal Revenue*, 436 F.3d 533, 535 (5th Cir. 2006) (per curiam)).

The district court satisfied that demanding standard. Its dismissal order identified repeated instances of contumacious conduct, explained why "lesser sanctions will not serve the interests of justice or deter [Riddle's] disobedient, stubborn conduct," and found all three aggravating factors present. The record supports those findings, and we see no abuse of discretion.

* * *

The district court's judgment is AFFIRMED. All pending motions are DENIED.